1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  JAMES B. CARR, ESQ. (SBN 53274)
   ISAAC S. STEVENS, ESQ. (SBN 251245)
3  DAVID D. KING, ESQ. (SBN 252074)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER & JOHNSEN**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811-3151
6
   Telephone: (916) 446-4692
7  Facsimile: (916) 447-4614

8  Attorneys for Plaintiffs

9            UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA

11  SHASHI KHANNA, suing individually and as )   CASE NO.
    Successor in Interest of Amankumar Khanna, )
12  deceased, by and on behalf of Amankumar )    [CLASS ACTION & COLLECTIVE
    Khanna , all others similarly situated, and the )   ACTION]
13  general public, )
                                              )   **COMPLAINT FOR:**
14              Plaintiffs                     )   1.   **Violations of the Fair Labor**
                                              )        **Standards Act (29 U.S.C. § 201**
15              v.                             )        ***et seq.*);**
                                              )   2.   **Failure to Pay Overtime (Cal.**
16  INTER-CON SECURITY SYSTEMS, INC., a )          **Labor Code §§ 218.6, 510, 511,**
    California Corporation D/B/A/ HEALTHCARE )      **558, 1194, 1198, 1199, Wage**
17  SECURITY SERVICES GROUP, a putative )          **Order No. 4-2001);**
    independent entity; ENRIQUE HERNANDEZ, )   3.   **Failure to Pay Full Wages When**
18  JR., an individual; NEIL MARTAU, an )          **Due (Cal. Labor Code §§ 201,**
    individual; LANCE MUELLER, an individual; )    **202, 203, 204, 1194, 1199);**
19  ROLAND A. HERNANDEZ, an individual; )      4.   **Failure to Adhere to California**
    PAUL R. MILLER, an individual; MICHAEL )       **Record Keeping Requirements**
20  P. MACHARG, an individual; JEANNE )            **(Cal. Labor Code §§ 226, 226.3,**
    GERVIN, an individual; MICHAEL )               **1174, 1174.5, Wage Order No.**
21  SUTKAYTIS, an individual; JANA FANNING, )      **4-2001)**
    an individual; BRITTANY MOORE, an )        5.   **Unfair Business Practices (Cal.**
22  individual; CATHERINE ROSS, an individual; )   **Business & Professions Code**
    LINDA SAYAD, an individual; MARK )             **§17200 *et seq.*)**
23  CHAMBERLAIN, an individual; and JAMES )    6.   **Injunctive and Monetary Relief**
    LATHAM, an individual, )                   7.   **Private Attorneys General Act**
24                                            )        **Claim for Violation of Cal.**
                                              )        **Labor Code Provisions (Cal.**
25              Defendants.                    )        **Labor Code § 2698 *et seq.*)**
                                              )
26  _____ )    **Demand for Jury Trial**

27  ///

28  ///

---

Complaint for Violations of the FLSA and California Law          *Khanna v. Inter-Con Security*
                                                                 *Eastern District Court of California*

**INTRODUCTION**

1.  This is a class/collective action, seeking unpaid overtime wages, compensation and interest thereon, waiting time penalties, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206, 207, 211, and 216, Title 8 of the California Code of Regulations, Wage Order No. 4-2001, Cal. Labor Code §§ 200-204, inclusive, 218, 218.5, 218.6, 226, 226.3, 510, 511, 558, 1194, 1198, and 1199, California Business and Professions Code §§ 17200 *et seq.*, California Code of Civil Procedure § 1021.5, and the Private Attorneys General Act, Cal. Labor Code § 2698 *et seq.*  This action invokes the supplemental jurisdiction of this Court to consider claims arising under California law.

2.  SHASHI KHANNA ("REPRESENTATIVE PLAINTIFF"), as Successor in Interest of AMANKUMAR KHANNA ("KHANNA"), deceased, and on behalf of KHANNA and all similarly situated employees of DEFENDANTS, seeks relief on behalf of the general public of the State of California and those persons and entities affected by the practice, pursuant to Business and Professions Code section 17204.

3.  This action is brought as a class action under the provisions of Federal Rule of Civil Procedure, Rule 23, and as a collective action under 29 U.S.C. § 216 of the Fair Labor Standards Act ("FLSA").

4.  REPRESENTATIVE PLAINTIFF, as successor in interest to KHANNA, brings this action against Defendants INTER-CON SECURITY SYSTEMS, INC. ("INTER-CON"), a California Corporation D/B/A/  HEALTHCARE SECURITY SERVICES GROUP, a putative independent entity, ENRIQUE HERNANDEZ, JR., NEIL MARTAU, LANCE MUELLER, ROLAND A. HERNANDEZ, PAUL R. MILLER, MICHAEL P. MACHARG, JEANNE GERVIN, MICHAEL SUTKAYTIS, JANA FANNING, BRITTANY MOORE, CATHERINE ROSS, LINDA SAYAD, MARK CHAMBERLAIN, and JAMES LATHAM (collectively, "DEFENDANTS").

5.  REPRESENTATIVE PLAINTIFF brings this action on behalf of KHANNA and all other persons similarly situated (hereinafter referred to as the "Plaintiff Class Members" and/or

the "FLSA Class Members", and/or the "California Class Members", including subclass "California Class Members Formerly Employed by Defendants") who are, or have been, employed by DEFENDANTS as nonexempt security guards or officers and performed security related activities for DEFENDANTS in California within the applicable statutory periods.

6. The Fair Labor Standards Act ("FLSA") of 1938, as amended, §§ 201 *et seq.*, provides for minimum standards for overtime compensation and details administrative procedures by which covered overtime work time must be compensated. The FLSA provides the Federal Courts with substantial authority to redress labor abuses such as those at issue in this Complaint.

7. Cal. Labor Code and Industrial Welfare Commission Wage Orders provide protection to hourly workers, including, but not necessarily limited to, timely and sufficient pay for all hours worked and requirements for the maintenance of accurate employee records.

8. On information and belief, INTER-CON was and is doing business as INTER-CON and as HEALTHCARE SECURITY SERVICES GROUP to provide security services to DEFENDANTS' third party customers, including the State of California and Kaiser Foundation Hospitals.

9. On information and belief, and at all times relevant to this action, KHANNA and Plaintiff Class Members were employed by DEFENDANTS within the meaning of the FLSA and Cal. Labor Code to provide security services at certain State of California buildings and certain Kaiser Foundation Hospitals.

10. On information and belief, INTER-CON, D/B/A/ HEALTHCARE SECURITY SERVICES GROUP have had a consistent policy of requiring KHANNA and the Plaintiff Class Members to work in excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation; willfully failing to pay compensation (including premium pay) in a prompt and timely manner to KHANNA and the Plaintiff Class Members; and willfully failing to provide KHANNA and the California Class Members with accurate semi-monthly itemized wage statements

1    of the total number of hours each of them worked and the applicable deductions.

2   11.   On information and belief, DEFENDANTS routinely employed KHANNA and the

3        Plaintiff Class Members to perform work in excess of 40 hours in a seven (7) day work

4        week and in excess of daily overtime thresholds under California law by assigning

5        KHANNA and the Plaintiff Class Members to work overtime hours at less than time and

6        one half of the regular rate of pay under the false pretense of working for a different

7        employer, e.g. HEALTHCARE SECURITY SERVICES GROUP.

8   12.   On information and belief, INTER-CON engaged in a scheme to misrepresent itself as

9        two separate and independent employers based on the customer for whom INTER-CON

10       assigned its employees to provide security services.  On information and belief,

11       REPRESENTATIVE PLAINTIFF alleges that INTER-CON engaged in this scheme to

12       avoid its obligation under the FLSA and California law to provide overtime

13       compensation, and other statutory work place protections.

14  13.   On information and belief, and at all times relevant to this action, DEFENDANTS have

15       employed numerous other individuals under the same or similar sham of dual

16       employment to avoid the requirements of the FLSA and California laws.  Despite actual

17       knowledge of these facts and legal requirements, DEFENDANTS have enjoyed an

18       advantage over their competition and disadvantaged their workers by electing not to pay

19       their non-exempt employees overtime compensation based upon their aggregate hours

20       worked for DEFENDANTS.

21  14.   On information and belief, officers of DEFENDANTS, who are also named as

22       DEFENDANTS in this Action, knew of these facts and legal requirements, yet,

23       nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

24  15.   Class certification of the claims set forth in this action is appropriate under both Federal

25       Rules of Civil Procedure 23 and California Code of Civil Procedure § 382.  Class

26       treatment of this action is appropriate because the class is so numerous that joinder of all

27       members is impracticable, the issues of law and  fact are common to the class,

28       REPRESENTATIVE PLAINTIFF'S claims are typical of the claims of the class, and the

1    representative party will fairly and adequately protect the interests of the class.

2    REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and the FLSA Class

3    Members, request that the Court authorize facilitated notice to similarly situated

4    individuals pursuant to Section 216(b) of the FLSA and *Hoffman-LaRoche Inc. v.*

5    *Sperling*, 493 U.S. 165 (1989).

6    16.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and all similarly situated

7    employees of DEFENDANTS seek compensation for all uncompensated work; all

8    penalties, liquidated damages, and other damages permitted by law; restitution and/or

9    disgorgement of all benefits obtained by DEFENDANTS from its unlawful business

10   practices; all other forms of equitable relief permitted by law; and reasonable attorneys'

11   fees and costs.

12   **JURISDICTION AND VENUE**

13   17.   Jurisdiction for this collective action is conferred on this Court by 28 U.S.C. § 1331 and §

14   216(b) of the FLSA.  This Court has subject matter jurisdiction of this action pursuant to

15   29 U.S.C. § 216(b).

16   18.   This Court has supplemental jurisdiction over all other claims under California law

17   alleged in this action under 28 U.S.C. § 1367, because they form part of the same case or

18   controversy as the aforementioned claims.

19   19.   The Eastern District of California has personal jurisdiction over DEFENDANTS because

20   DEFENDANTS have applied with the California Secretary of State to do business and is

21   doing business in California and in this District, and because the acts giving rise to this

22   action occurred in this State and this District.

23   20.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) & (c) because a

24   substantial part of the events giving rise to the claims described herein, including the

25   overtime work performed by KHANNA and Plaintiff Class Members, and the under-

26   payment of wages owed, occurred within the Eastern District of California.  Further,

27   DEFENDANTS continue to perform substantial business operations within the Eastern

28   District of California.  REPRESENTATIVE PLAINTIFF'S predecessor in interest was

1   employed and performed the work giving rise the claims set forth in the action within the

2   Eastern District of California.  The unlawful acts alleged herein have a direct effect on

3   REPRESENTATIVE PLAINTIFF'S predecessor in interest and those similarly situated

4   within the State of California and within this judicial district. REPRESENTATIVE

5   PLAINTIFF also resides in the Eastern District of California.  Each and every Defendant

6   named was, at all times relevant hereto, a person, corporation or other business entity

7   existing and operating within the confines of the State of California, and thus subject to

8   the jurisdiction of the California courts by reason of "minimum contacts" in California,

9   and/or by purposeful availment of the California market for labor of the kind provided by

10  REPRESENTATIVE PLAINTIFF'S predecessor in interest and the Plaintiff Class

11  Members, and did transact and conduct business in the State of California, and are thus

12  subject to the jurisdiction of all laws, regulations and court decisions rendered by the

13  State of California. DEFENDANTS maintain offices, operate businesses, employ

14  persons, were incorporated in, conduct business in, and pay employees by illegal payroll

15  practices and policies in the State of California.

16  **THE PARTIES**

17  21.   Predecessor in Interest AMANKUMAR KHANNA was a natural person employed by

18        DEFENDANTS as a security officer at government buildings, hospitals, and other

19        facilities since 1999.   He was a resident of Sacramento, California until his death on

20        October 10, 2008.  AMANKUMAR KHANNA is survived by three daughters and his

21        wife, SHASHI KHANNA. KHANNA's estate was not administered, and no proceeding

22        is pending for the administration of his estate.

23  22.   REPRESENTATIVE PLAINTIFF, SHASHI KHANNA is KHANNA's successor in

24        interest, as defined by California Code of Civil Procedure § 377.11, and succeeded to

25        KHANNA's interest in this action.  No other individual or entity holds a right superior to

26        that held by REPRESENTATIVE PLAINTIFF, to commence this action for KHANNA.

27  23.   REPRESENTATIVE PLAINTIFF, on behalf of Predecessor in Interest AMANKUMAR

28        KHANNA, hereby consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §§

216(b) and 256. Additional Plaintiffs will be signing Consent to Join as Individual Plaintiff forms on this claim in the future.

24.   REPRESENTATIVE PLAINTIFF, on behalf of Predecessor in Interest AMANKUMAR KHANNA, is the named representative of the California Class Members, consisting of all employees employed by INTER-CON as security officers at any time from four years before the filing of the instant Complaint, or other applicable statute of limitations, to the present, and whose total hours worked for INTER-CON and the purported entity known as "HEALTHCARE SECURITY SERVICES GROUP" exceeded the statutory threshold for overtime compensation, e.g., forty hours per work week, eight hours per day or ten hours per day.

25.   REPRESENTATIVE PLAINTIFF, on behalf of Predecessor in Interest AMANKUMAR KHANNA, is the named representative of the FLSA Class Members, consisting of all employees employed by INTER-CON as security officers at any time from three years before the filing of the instant Complaint, or other applicable statute of limitations, to the present, and whose total hours worked for INTER-CON and the purported entity known as "HEALTHCARE SECURITY SERVICES GROUP" exceeded the FLSA statutory threshold for overtime compensation, e.g., forty hours per work week.

26.   On information and belief, INTER-CON is a California corporation providing security services and personnel throughout California and the United States, with its corporate headquarters located in Pasadena, California.  INTER-CON employs several thousand private security officers at work sites throughout the United States including, but not limited to, healthcare, government and commercial facilities.  At all relevant times, INTER-CON is and was PLAINTIFFS' "employer" pursuant to 29 U.S.C. § 203 and California law.

27.   On information and belief, HEALTHCARE SECURITY SERVICES GROUP is a D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent entity and Joint Employer pursuant to 29 C.F.R. 791.2 California law.  At all relevant times, HEALTHCARE SECURITY SERVICES GROUP is and was PLAINTIFFS'

1    "employer" pursuant to 29 U.S.C. § 203 and California law.

2    28.   On information and belief, Defendant ENRIQUE HERNANDEZ, JR, an individual, is

3          Chief Executive Officer of INTER-CON and therefore maintained and possessed an

4          identical or similar capacity with respect to HEALTHCARE SECURITY SERVICES

5          GROUP as a D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative

6          independent entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.

7          ENRIQUE HERNANDEZ, JR was and is an "employer" of PLAINTIFFS within the

8          meaning of 29 U.S.C. § 203(d) as any person "acting directly or indirectly in the interest

9          of an employer in relation to an employee" and 8 CCR § 11040(2)(H) as any person who

10         "employs or exercises control over the wages, hours, or working conditions of any

11         person."

12   29.   On information and belief, Defendant NEIL MARTAU, JR, an individual, is Executive

13         Vice President of INTER-CON and therefore maintained and possessed an identical or

14         similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a

15         D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent

16         entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  NEIL

17         MARTAU, JR was and is an "employer" of PLAINTIFFS within the meaning of 29

18         U.S.C. § 203(d) as any person "acting directly or indirectly in the interest of an employer

19         in relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

20         exercises control over the wages, hours, or working conditions of any person."

21   30.   On information and belief, Defendant LANCE MUELLER, an individual, is Chief

22         Operating Officer of INTER-CON and therefore maintained and possessed an identical or

23         similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a

24         D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent

25         entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  LANCE

26         MUELLER was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. §

27         203(d) as any person "acting directly or indirectly in the interest of an employer in

28         relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

1   exercises control over the wages, hours, or working conditions of any person."

2   31.   On information and belief, Defendant ROLAND A. HERNANDEZ, an individual, is

3         Secretary of INTER-CON and therefore maintained and possessed an identical or similar

4         capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A,

5         alter ego and/or division of INTER-CON, or alternatively, a putative independent entity

6         and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  ROLAND A.

7         HERNANDEZ was and is an "employer" of PLAINTIFFS within the meaning of 29

8         U.S.C. § 203(d) as any person "acting directly or indirectly in the interest of an employer

9         in relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

10        exercises control over the wages, hours, or working conditions of any person."

11  32.   On information and belief, Defendant PAUL R. MILLER, an individual, is Chief

12        Financial Officer of INTER-CON and therefore maintained and possessed an identical or

13        similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a

14        D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent

15        entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  PAUL R.

16        MILLER was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. §

17        203(d) as any person "acting directly or indirectly in the interest of an employer in

18        relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

19        exercises control over the wages, hours, or working conditions of any person."

20  33.   On information and belief, Defendant MICHAEL P. MACHARG, an individual, is the

21        agent authorized to receive service of process on behalf of INTER-CON and therefore

22        maintained and possessed an identical or similar capacity with respect to HEALTHCARE

23        SECURITY SERVICES GROUP as a D/B/A, alter ego and/or division of INTER-CON,

24        or alternatively, a putative independent entity and Joint Employer pursuant to 29 C.F.R.

25        791.2 and California law.  MICHAEL P. MACHARG was and is an "employer" of

26        PLAINTIFFS within the meaning of 29 U.S.C. § 203(d) as any person "acting directly or

27        indirectly in the interest of an employer in relation to an employee" and 8 CCR §

28        11040(2)(H) as any person who "employs or exercises control over the wages, hours, or

1   working conditions of any person."

2   34.   On information and belief, Defendant JEANNE GERVIN, an individual, is Human

3   Resources Manager of INTER-CON and therefore maintained and possessed an identical

4   or similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a

5   D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent

6   entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.   JEANNE

7   GERVIN was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. §

8   203(d) as any person "acting directly or indirectly in the interest of an employer in

9   relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

10   exercises control over the wages, hours, or working conditions of any person."

11   35.   On information and belief, Defendant MICHAEL SUTKAYTIS, an individual, is Vice

12   President of Business Development of INTER-CON and therefore maintained and

13   possessed an identical or similar capacity with respect to HEALTHCARE SECURITY

14   SERVICES GROUP as a D/B/A, alter ego and/or division of INTER-CON, or

15   alternatively, a putative independent entity and Joint Employer pursuant to 29 C.F.R.

16   791.2 and California law.  MICHAEL SUTKAYTIS was and is an "employer" of

17   PLAINTIFFS within the meaning of 29 U.S.C. § 203(d) as any person "acting directly or

18   indirectly in the interest of an employer in relation to an employee" and 8 CCR §

19   11040(2)(H) as any person who "employs or exercises control over the wages, hours, or

20   working conditions of any person."

21   36.   On information and belief, Defendant JANA FANNING, an individual, is Operations

22   Manager of INTER-CON and therefore maintained and possessed an identical or similar

23   capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A,

24   alter ego and/or division of INTER-CON, or alternatively, a putative independent entity

25   and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  JANA FANNING

26   was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. § 203(d) as

27   any person "acting directly or indirectly in the interest of an employer in relation to an

28   employee" and 8 CCR § 11040(2)(H) as any person who "employs or exercises control

1    over the wages, hours, or working conditions of any person."

2    37.   On information and belief, Defendant BRITTANY MOORE, an individual, is Office

3          Manager of INTER-CON and therefore maintained and possessed an identical or similar

4          capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A,

5          alter ego and/or division of INTER-CON, or alternatively, a putative independent entity

6          and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.  BRITTANY

7          MOORE was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. §

8          203(d) as any person "acting directly or indirectly in the interest of an employer in

9          relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

10         exercises control over the wages, hours, or working conditions of any person."

11   38.   On information and belief, Defendant CATHERINE ROSS, an individual, is Vice

12         President of Operations of INTER-CON and therefore maintained and possessed an

13         identical or similar capacity with respect to HEALTHCARE SECURITY SERVICES

14         GROUP as a D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative

15         independent entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.

16         CATHERINE ROSS was and is an "employer" of PLAINTIFFS within the meaning of 29

17         U.S.C. § 203(d) as any person "acting directly or indirectly in the interest of an employer

18         in relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or

19         exercises control over the wages, hours, or working conditions of any person."

20   39.   On information and belief, Defendant LINDA SAYAD, an individual, is HR Generalist

21         of INTER-CON and therefore maintained and possessed an identical or similar capacity

22         with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A, alter ego

23         and/or division of INTER-CON, or alternatively, a putative independent entity and Joint

24         Employer pursuant to 29 C.F.R. 791.2 and California law.  LINDA SAYAD was and is

25         an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. § 203(d) as any person

26         "acting directly or indirectly in the interest of an employer in relation to an employee" and

27         8 CCR § 11040(2)(H) as any person who "employs or exercises control over the wages,

28         hours, or working conditions of any person."

40.   On information and belief, Defendant MARK CHAMBERLAIN, an individual, is Vice President of Finance and Corporate Controller of INTER-CON and therefore maintained and possessed an identical or similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.   MARK CHAMBERLAIN was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. § 203(d) as any person "acting directly or indirectly in the interest of an employer in relation to an employee" and 8 CCR § 11040(2)(H) as any person who "employs or exercises control over the wages, hours, or working conditions of any person."

41.   On information and belief, Defendant JAMES LATHAM, an individual, was KHANNA's immediate supervisor, and holds, or held, a supervisory position at INTER-CON and therefore maintained and possessed an identical or similar capacity with respect to HEALTHCARE SECURITY SERVICES GROUP as a D/B/A, alter ego and/or division of INTER-CON, or alternatively, a putative independent entity and Joint Employer pursuant to 29 C.F.R. 791.2 and California law.   JAMES LATHAM was and is an "employer" of PLAINTIFFS within the meaning of 29 U.S.C. § 203(d), as any person "acting directly or indirectly in the interest of an employer in relation to an employee", and 8 CCR § 11040(2)(H), as any person who "employs or exercises control over the wages, hours, or working conditions of any person."

**COMMON ALLEGATIONS**

42.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and Plaintiff Class Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 41, inclusive, above as though set forth fully herein.

43.   On information and belief, KHANNA and the FLSA Class Members were employed by DEFENDANTS within the three year period preceding the filing of this Action.

44.   On information and belief, KHANNA and the California Class Members were employed by INTER-CON during the four year time period preceding the filing of PLAINTIFFS'

1     Complaint in the instant Action.

2   45.   On information and belief, INTER-CON is organized according to division, department,

3         branch or other organization ("division"), including, but not limited to, a division

4         specializing in providing security services and personnel to healthcare facilities.

5   46.   On information and belief, "HEALTHCARE SECURITY SERVICES GROUP" is a

6         division of INTER-CON, and provides security services and personnel specifically for

7         healthcare facilities throughout California and the United States.  On information and

8         belief, HEALTHCARE SECURITY SERVICES GROUP employs several thousand

9         private security officers at healthcare facilities throughout the United States, including but

10        not limited to, at hospitals operated by Kaiser Permanente and Kaiser Foundation

11        Hospitals.

12  47.   Alternatively, and on information and belief, HEALTHCARE SECURITY SERVICES

13        GROUP is a putative independent entity and joint employer pursuant to  29 C.F.R. 791.2

14        and *Vernon v. State*, 116 Cal.App.4th 114, 125 n. 7 (2004); *Ontiveros v. Zamora* 2009

15        WL 425962 (E.D. Cal., 2009).

16  48.   On information and belief, KHANNA and Plaintiff Class Member's payroll records

17        reflect that KHANNA and Plaintiff Class Members were regularly assigned, scheduled

18        and therefore were suffered or permitted by DEFENDANTS to work at more than one

19        type of facility, including at healthcare facilities, during the same workday or workweek.

20        On information and belief, KHANNA and Plaintiff Class Members were regularly

21        assigned, scheduled and therefore were suffered or permitted by DEFENDANTS to work

22        at more than one type of facility, including at healthcare facilities, during the same day or

23        work week.

24  49.   On information and belief, KHANNA and Plaintiff Class Members' payroll records

25        reflect that  KHANNA and Plaintiff Class Members who provided security services at

26        more than one type of facility, including at healthcare facilities, during the same day or

27        work week were issued separate paychecks by the purported entity known as

28        HEALTHCARE SECURITY SERVICES GROUP and by INTER-CON, as

compensation for time spent working at healthcare facilities and at other types of facilities, respectively.   KHANNA and Plaintiff Class Members who provided security services at more than one type of facility, including at healthcare facilities, during the same workday or workweek were issued separate paychecks by the purported entity known as HEALTHCARE SECURITY SERVICES GROUP and by INTER-CON, as compensation for time spent working at healthcare facilities and at other types of facilities, respectively.

50.   KHANNA and Plaintiff Class Members' payroll records reflect that KHANNA and Plaintiff Class Members regularly worked more than forty (40) hours per work week, and more than eight (8) hours per work day providing security services to healthcare, governmental and commercial facilities in total.

51.   On information and belief, KHANNA and Plaintiff Class Members regularly worked more than forty (40) hours per work week, and more than eight (8) hours per work day providing security services to healthcare, governmental and commercial facilities in total.

52.   KHANNA and Plaintiff Class Members' payroll records reflect that KHANNA and Plaintiff Class Members were not paid overtime compensation at the applicable overtime rate of pay for all hours worked in excess of the minimum threshold of hours worked of forty hours per work week, eight hours per work day.

53.   On information and belief, DEFENDANTS failed to provide KHANNA and Plaintiff Class Members the requisite overtime compensation for all hours worked in excess of the minimum threshold of hours worked of forty hours per work week, eight hours per work day under Federal and California law, respectively.

54.   On information and belief, REPRESENTATIVE PLAINTIFF hereby alleges, on behalf of KHANNA and Plaintiff Class Members, that DEFENDANTS willingly and knowingly withheld  overtime compensation due to KHANNA and Plaintiff Class Members for hours worked in excess of forty hours per work week, eight hours per work day, and/or other applicable thresholds for determining overtime compensation.

///

55.   Under FLSA and applicable state law, INTER-CON and HEALTHCARE SECURITY SERVICES GROUP constitute the same or joint employer under 29 U.S.C. § 203, or are joint employers under 29 C.F.R. 791.2 and California law.

56.   On information and belief, DEFENDANTS willfully and/or recklessly engaged in a scheme to withhold paying KHANNA and Plaintiff Class Members overtime compensation by falsely representing that INTER-CON and HEALTHCARE SECURITY SERVICES GROUP were independent entities, and that KHANNA and Plaintiff Class Members' entitlement to overtime is determined separately based on the number of hours worked for each purported entity independent from the hours worked for the other purported entity. Accordingly, hours worked by KHANNA and Plaintiff Class Members while employed by INTER-CON and HEALTHCARE SECURITY SERVICES GROUP were not combined for purposes of determining PLAINTIFFS' entitlement to and the provision of overtime under California and Federal law.

57.   On information and belief, DEFENDANTS engaged in unlawful, unfair or fraudulent business act or practices to avoid the legal requirement to pay overtime compensation, and therefore, such acts constitutes unfair business practices

## COLLECTIVE ACTION ALLEGATIONS

58.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and FLSA Class Members, repeats and re-alleges each allegation contained in Paragraph Nos. 1 through 57, inclusive, above as though set forth fully herein.

59.   REPRESENTATIVE PLAINTIFF brings the First Cause of Action for violation of the Fair Labor Standards Act (hereinafter "FLSA") as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of KHANNA and all other similarly situated individuals under the provisions of 29 U.S.C. § 216 for damages, liquidated damages under a three year statute of limitations, and relief incident and subordinate thereto, including costs and attorneys' fees.

60.   The First Cause of Action for violations of the FLSA is brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all violations of the FLSA.

61. The individuals in this Class are collectively referred to as the "FLSA Class Members" or the "FLSA Class."

62. A collective action is a superior method for bringing this action in that there is a well defined community of interest in the questions of law and fact.

63. KHANNA and FLSA Class Members are similarly situated and are subject to INTER-CON's common practice, policy, or plan of failing to compensate KHANNA and FLSA Class Members for all hours worked and refusing to pay overtime in violation of the FLSA.

64. The FLSA Class consists of non-exempt security guards or security officers and performed an aggregate of more than 40 hour of security related work for Defendants INTER-CON SECURITY SYSTEMS, INC and HEALTHCARE SECURITY SERVICES GROUP, a putative independent entity, in any work week without receiving overtime compensation for all aggregate hours worked in excess of 40 during the three years preceding the filing of this complaint.

65. Common questions of law and fact in the action exist that relate to and affect the rights of each member of the class, namely, whether DEFENDANTS maintained a policy requiring KHANNA and FLSA Class Members to work in excess of forty (40) hours per week without paying them full and proper overtime compensation, and whether time worked while purportedly employed by INTER-CON, and time worked while purportedly being employed by HEALTHCARE SECURITY SERVICES GROUP must be combined for purposes of determining overtime entitlements.

66. The exact number of members of the class identified and described above is not known. The class is so numerous that joinder of individual members herein is impracticable.

67. The attorneys for REPRESENTATIVE PLAINTIFF, KHANNA and FLSA Class Members are experienced and capable in the field of the FLSA and labor/employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for PLAINTIFFS , David P. Mastagni, David E. Mastagni, James B. Carr, David D. King, and Isaac S. Stevens will actively conduct and

1    be responsible for PLAINTIFFS' case herein.

2    68.   This action is properly maintained as a collective action because the prosecution of

3    separate actions by individual members would create a risk of varying adjudications with

4    respect to individual members of the class, which would establish incompatible standards

5    of conduct for the DEFENDANTS and, as a practical matter, be dispositive of the

6    interests of the other members not parties to the adjudications, or substantially impair or

7    impede their ability to protect their interests.

8    69.   The names and addresses of additional collective action plaintiffs are available from

9    DEFENDANTS, and notice should be provided by first class mail to their last known

10   address and by workplace posting as soon as possible.

11                              **CLASS ACTION ALLEGATIONS**

12   70.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class

13   Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1

14   through 69, inclusive, above as though set forth fully herein.

15   71.   REPRESENTATIVE PLAINTIFF brings this action on behalf of KHANNA and all

16   California Class Members as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).

17   REPRESENTATIVE PLAINTIFF seeks to represent a class defined as all non-exempt

18   security guards or security officers who are currently employed or have been employed by

19   DEFENDANTS, including INTER-CON and the putative independent entity known as

20   HEALTHCARE SECURITY SERVICES GROUP,  within the State of California who at

21   any time four (4) years prior to the filing of this lawsuit and who in the aggregate worked

22   more than 8 hours in a day or 40 hours in a week for these DEFENDANTS without being

23   compensated at the proper premium or overtime rate.

24   72.   The individuals in this Class are collectively referred to as the "California Class

25   Members" or the "California Class."

26   73.   REPRESENTATIVE PLAINTIFF also seeks to represent a subclass of the California

27   Class Members defined as all non-exempt security guards or security officers who were

28   formerly employed by DEFENDANTS, including INTER-CON and the putative

---

independent entity known as HEALTHCARE SECURITY SERVICES GROUP, within the State of California, who at any time four (4) years prior to the filing of this lawsuit and who in the aggregate worked more than 8 hours in a day or 40 hours in a week for DEFENDANTS without being compensated at the proper premium or overtime rate.  The individuals in this subclass are collectively referred to as "California Class Members Formerly Employed by Defendants" or the "California Former Employees Class."

74. This action has been brought and may properly be maintained as a class action under Rule 23, because there is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable.

75. The number of plaintiffs is so high that joinder of all California Class Members is impracticable.  REPRESENTATIVE PLAINTIFF is informed and believes, and on that basis alleges, that the California Class consists of hundreds of individuals who have been employed by DEFENDANTS during the four years immediately prior to the filing of the instant Complaint.  Although the exact number and identities of class members are unknown at this time, this information is readily ascertainable from DEFENDANTS through discovery of its payroll and personnel records.

76. A class action is a superior method for bringing this action because there is a well defined community of interest in the questions of law and fact. Common questions of law and fact predominate over any questions affecting individual class members. Questions of law and fact common to the California Class Members include, but are not limited to, whether DEFENDANTS failed to pay class members their full wages when due as required by Cal. Labor Code §§ 201, 202, 203 and 204; whether DEFENDANTS failed to pay class members overtime compensation or premium pay in violation of Cal. Labor Code §§201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4 for hours worked in excess of eight (8) or twelve (12) hours in one day or forty (40) hours in one week; whether California Class Members are entitled to "waiting time" penalties/wages pursuant to Cal. Labor Code § 203; whether DEFENDANTS unlawfully failed to keep and furnish class members with records of hours worked, in violation of Cal. Labor Code

§§226 and 1174; whether DEFENDANTS' policies and practices of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and whether DEFENDANTS' conduct violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*, as alleged in this Complaint.

77. KHANNA and the California Class Members are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' illegal labor violations in their refusal to pay proper overtime, their refusal to provide adequate pay stubs, and their refusal to timely pay employees all of their wages, including upon termination.   DEFENDANTS have, and at all relevant times had, a policy and practice of refusing to pay members of PLAINTIFFS' CLASS overtime compensation for hours worked in excess of the minimum threshold set by California law and applicable Wage Orders.

78. The claims of REPRESENTATIVE PLAINTIFF are typical of the claims of the California Class.   REPRESENTATIVE PLAINTIFF will fairly and adequately represent and protect the interests of the class. REPRESENTATIVE PLAINTIFF has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. REPRESENTATIVE PLAINTIFF anticipates no management difficulties in this litigation. REPRESENTATIVE PLAINTIFF reserves the right to join or add additional class or subclass representatives if deemed appropriate by the Court.

79. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1), because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, or create a risk of adjudications with respect to individual class members that would be dispositive of the interests of the other members not parties to the individual adjudications.

80. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because DEFENDANTS acted or refused to act on grounds generally applicable to California Class Members, so that any final injunctive relief or corresponding declaratory relief is

1    appropriate respecting the class as a whole.

2  81.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3), because questions of

3    law and fact common to California Class Members predominate over any questions

4    affecting only individual California Class Members, and because the class action device

5    is superior to other available methods for the fair and efficient adjudication of this

6    litigation.

7  82.  Since the damages suffered by individual California Class Members, while not

8    inconsequential, may be relatively small, the expense and burden of individual litigation

9    by each member makes, or may make, Class Members' individual redress impractical for

10    the wrongful conduct alleged herein. Should separate actions be brought, or be required to

11    be brought, by each individual Class Member, the resulting multiplicity of lawsuits would

12    cause undue hardship and expense for the Court and the litigants. The prosecution of

13    separate actions would also create a risk of inconsistent rulings, which might be

14    dispositive of the interests of other Class members who are not parties to the

15    adjudications and/or may substantially impede their ability to adequately protect their

16    interests. Moreover, REPRESENTATIVE PLAINTIFF is informed and believe, and

17    based thereon allege, that DEFENDANTS, in refusing to pay wages to the FLSA Class

18    Members and the California Class Members, have acted and refused to act on grounds

19    generally applicable to all claims, thereby making appropriate injunctive and monetary

20    relief for all members of each class. Consequently, Class certification is proper under

21    FRCP 23(b)(2).

22          **PRIVATE ATTORNEY GENERAL ACT CLAIM ALLEGATIONS**

23  83.  REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class

24    Members, repeats and re-alleges each and every allegation contained in Paragraph  Nos. 1

25    through 82, inclusive, above as though set forth fully herein.

26  84.  Pursuant to Cal. Labor Code § 2698, *et seq.*, the Private Attorneys General Act ("PAGA")

27    of 2004, KHANNA and California Class Members are entitled to recover civil penalties

28    pursuant to Cal. Labor Code § 2699(f)  provided the notice and other procedures

---

1   prescribed by the statute are followed.

2   85.   KHANNA and California Class Members provided notice to the Labor and Workforce

3         Development Agency and DEFENDANTS via Certified Mail dated July 8, 2009, alleging

4         DEFENDANTS' violations of Cal. Labor Code §§ 201, 202, 204, 226, 510, 511, 1174,

5         1194,1198, 1199, and 2699(f) and (g) with respect to KHANNA and the California Class

6         Members' employment with DEFENDANTS at all times relevant herein, pursuant to the

7         notice requirements of Cal. Labor Code § 2699.3(a).

8   86.   In a notice dated July 31, 2009, the Labor and Workforce Development Agency notified

9         KHANNA and California Class Members that the Labor and Workforce Development

10        Agency would not investigate the claims made pursuant to Cal. Labor Code § 2699 *et*

11        *seq.*

12  87.   As the Labor and Workforce Development Agency has declined to investigate KHANNA

13        and California Class Members' claims, REPRESENTATIVE PLAINTIFF, on behalf of

14        KHANNA and California Class Members, and each of them, is entitled to civil penalties

15        and attorneys' fees and costs recovered through a civil action, pursuant to Cal. Labor

16        Code §§ 2699(f), 2699(g) and 2699.3(a)(2)(C).

17                          **FIRST CAUSE OF ACTION**
                   **For Failure to Pay Overtime Compensation**
18                 **(Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*)**

19  88.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and FLSA Class Members,

20        repeats and re-alleges each and every allegation contained in Paragraph  Nos. 1 through

21        87, inclusive, above as though set forth fully herein.

22  89.   On information and belief, and at all relevant times, DEFENDANTS, and each of them,

23        has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in

24        the production of "goods" for "commerce", within the meaning of the FLSA, 29 U.S.C. §

25        203.  On information and belief, and at all relevant times, DEFENDANTS, and each of

26        them, employed and/or continues to employ "employee[s]," including KHANNA and

27        each of the prospective FLSA Class Members, who were and/or continue to be engaged

28        in interstate "commerce" and/or in the production of "goods" for "commerce," within the

---

1   meaning of the FLSA, 29 U.S.C. § 203. On information and belief, and at all relevant

2   times, DEFENDANTS, and each of them, had gross operating revenues in excess of

3   $500,000.

4   90.   KHANNA and FLSA Class Members are nonexempt employees entitled to overtime

5   compensation for all hours worked in excess of forty (40) in a seven (7) day work week.

6   KHANNA and FLSA Class Members are not subject to any applicable exemptions from

7   the requirement to pay overtime under federal law.

8   91.   At all relevant times, HEALTHCARE SECURITY SERVICES GROUP is a D/B/A of or

9   division of INTER-CON, and does not exist as an independent "employer" pursuant to 29

10  U.S.C. § 203(d).  Alternatively, HEALTHCARE SECURITY SERVICES GROUP and

11  INTER-CON are Joint Employers pursuant to 29 C.F.R. 791.2, and time spent working

12  for HEALTHCARE SECURITY SERVICES GROUP and INTER-CON during a given

13  work week is considered time spent working for one employer.

14  92.   The FLSA requires DEFENDANTS, and each of them, as a covered employer, to

15  compensate all non-exempt employees for all hours worked, and to compensate all

16  non-exempt employees at a rate of not less than one and one-half times their regular rate

17  of pay for work performed in excess of forty (40) hours in a work week.

18  93.   DEFENDANTS violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*,

19  including 29 U.S.C. §§207(a)(1) and 215(a), by failing to pay KHANNA and FLSA Class

20  Members at one-and-a-half times their regular rates of pay for all hours actually worked

21  in excess of forty (40) in a workweek for Defendants.  On information and belief, and at

22  all relevant times, KHANNA and FLSA Class Members regularly worked in excess of

23  forty (40) hours per week in the aggregate for DEFENDANTS, including

24  HEALTHCARE SECURITY SERVICES GROUP and INTER-CON, but were not paid

25  for such overtime work.

26  94.   On information and belief, and at all relevant times, DEFENDANTS, including

27  HEALTHCARE SECURITY SERVICES GROUP and INTER-CON, required, and still

28  requires, the FLSA Class Members, as part of their employment, to work in excess of

1    forty (40) hours per week without overtime compensation in violation of the FLSA. The

2    precise number of hours will be proven at trial.

3    95.   REPRESENTATIVE PLAINTIFF is informed and believes that by failing to pay

4          overtime compensation due to KHANNA and FLSA Class Members, DEFENDANTS

5          willingly, knowingly, and/or recklessly violated the provisions of the FLSA that require

6          the payment of overtime compensation to nonexempt employees.

7    96.   On information and belief, these violations of the FLSA were knowing and willful within

8          the meaning of 29 U.S.C. §201 *et seq.*, and therefore DEFENDANTS' liability extends

9          back three years from the commencement of the instant action, pursuant to 29 U.S.C. §

10         255(a).

11   97.   REPRESENTATIVE PLAINTIFF is informed and believes that as a result of

12         DEFENDANTS' policy and practice of withholding overtime compensation, KHANNA

13         and FLSA Class Members have been damaged in that they have not received wages owed

14         them under the FLSA.

15   98.   On information and belief,  DEFENDANTS made it difficult to account for the unpaid

16         overtime wages earned by KHANNA and FLSA Class Members at all times relevant to

17         this litigation because they did not make, keep, and preserve the full and actual hours

18         worked by KHANNA and FLSA Class Members, as required for nonexempt employees

19         under 29 U.S.C. § 211(c).

20   99.   On information and belief, DEFENDANTS' failure to retain accurate records of hours

21         actually worked by KHANNA and FLSA Class Members was willful and deliberate and

22         designed to serve their policy of unlawfully denying overtime wages to their employees.

23   100.  On information and belief, REPRESENTATIVE PLAINTIFF alleges that as a result of

24         the unlawful acts of the DEFENDANTS, KHANNA and FLSA Class Members were

25         deprived of overtime compensation in amounts not yet fully ascertained, but to be

26         determined at trial, and are entitled to recovery of such amounts, liquidated damages,

27         and/or prejudgment interest, attorney fees and costs, and other compensation allowable

28         under 29 U.S.C. § 216(b) of the FLSA.

1   101.   REPRESENTATIVE PLAINTIFF proposes to undertake appropriate proceedings to have

2          such FLSA Class Members, aggrieved by DEFENDANTS' unlawful conduct, notified of

3          the pendency of this action and join this action as FLSA Class Members, pursuant to 29

4          U.S.C. § 216(b), by filing written consents to joinder with the Court.

5   102.   As a result of the foregoing, REPRESENTATIVE PLAINTIFF seeks judgment against

6          DEFENDANTS on behalf of KHANNA and the FLSA Class Members similarly situated

7          who file written consents to joinder in this action, for all unpaid wages owed by

8          DEFENDANTS to KHANNA and the FLSA Class Members, pursuant to 29 U.S.C. §§

9          203 *et seq.*, together with an award of an additional equal amount as liquidated damages,

10         and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §

11         216(b).  DEFENDANTS, and each of them, as "employers" of KHANNA and the FLSA

12         Class Members under 29 U.S.C. § 203(d), may be held jointly and severally liable for

13         damages resulting from the failure to comply with the FLSA.

14                          **SECOND CAUSE OF ACTION**
           **For Failure to Pay Overtime or Premium Compensation in Violation of California Law**
15         **(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 218.6, 510, 511, 558, 1194, 1198, 1199)**

16  103.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class

17         Members, repeats and re-alleges each allegation contained in Paragraph  Nos. 1 through

18         102, inclusive, above as though set forth fully herein.

19  104.   On information and belief, KHANNA and California Class Members were and/or are

20         employed by DEFENDANTS as non-exempt security guards or security officers, and that

21         at all relevant times, DEFENDANTS, and each of them, has been, and continues to be, an

22         "employer" who directly or indirectly, or through an agent or any other person exercises

23         control over the wages, hours, or working conditions of any person, and engages, suffers

24         or permits KHANNA and California Class Members to work pursuant to Wage Order No.

25         4-2001.

26  105.   On information and belief, and at all relevant times, HEALTHCARE SECURITY

27         SERVICES GROUP is a division of INTER-CON, and does not exist as an independent

28         "employer" pursuant to Wage Order No. 4-2001, Cal. Labor Code § 18.  Alternatively,

---

1   HEALTHCARE SECURITY SERVICES GROUP is and was a Joint Employer under

2   California law.

3   106.   California law, including Wage Order No. 4-2001, and the Cal. Labor Code §§ 510, 511

4   and 1198 describe, *inter alia*, the daily and weekly minimum threshold number of hours

5   that non-exempt, covered employees may work before such employees must be paid

6   overtime compensation.

7   107.   To the extent applicable, DEFENDANTS may adopt a regularly scheduled alternative

8   workweek schedule whereby PLAINTIFFS may work for no longer than 10 hours per day

9   within a 40-hour workweek without compensation at the overtime rate of pay pursuant to

10   Cal. Labor Code § 511.

11   108.   Non-exempt California employees must be provided daily overtime compensation at a

12   rate of time and one half the regular rate of pay for all hours worked in excess of eight (8)

13   hours in given workday or ten (10) hours in a given workday where a valid Section 511

14   alternative work schedule has been enacted.  Non-exempt California employees must be

15   provided daily double-time premium pay at a rate of twice the regular rate of pay for all

16   hours worked in excess of twelve (12) hours in given workday.  Non-exempt California

17   employees must be provided overtime compensation at a rate of time and one half the

18   regular rate of pay for all hours worked in excess of the 40 hour work week.

19   109.   On information and belief, KHANNA and California Class Members regularly worked

20   more than eight (8) hours per day and/or ten (10) hours per day and/or  forty (40) hours

21   per week, but did not receive full and proper overtime wages for these hours of work.

22   110.   On information and belief, KHANNA and California Class Members regularly worked

23   more than twelve (12) hours per day, but did not receive full and proper premium wages

24   for these hours of work.

25   111.   Cal. Labor Code §§ 558, 1194 and 1199  directs that employers who violate Cal. Labor

26   Code provisions regulating hours and days of work are subject to payment of recovered

27   wages, fines or other penalties.

28   ///

112. Cal. Labor Code § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

113. On information and belief, DEFENDANTS engaged in a business practice of requiring and encouraging KHANNA and California Class Members to work in excess of eight (8), ten (10), or twelve (12) hours per day and/or forty (40) hours per week by erroneously and improperly characterizing its employment of KHANNA and California Class Members at work sites of different customers as employment with separate and independent employers. As a result of this business practice and policy, KHANNA and California Class Members were not properly compensated for all the hours that DEFENDANTS required them to work.

114. On information and belief, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay KHANNA and California Class Members overtime and double-time compensation as required by California wage and hour laws.

115. DEFENDANTS' conduct described in this Complaint violates the provisions of Cal. Wage Order 4-2001 and Cal. Labor Code § 1194.

116. On information and belief, and at all times relevant, DEFENDANTS did not compensate KHANNA and California Class Members for time spent working in excess of the forty (40) hours per week, eight (8) hours per day, or applicable alternative workweek schedule in violation of California Wage Order No. 4-2001 and Cal. Labor Code §§ 510, 511 and 1198.

117. On information and belief, DEFENDANTS made it difficult to account for the unpaid overtime wages earned by KHANNA and California Class Members at all times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by KHANNA and California Class Members as required for nonexempt employees under Cal. Labor Code § 1174(d) and IWC Wage Order No. 4-2001.

///

118.   On information and belief, DEFENDANTS' failure to retain accurate and correct records of hours actually worked by KHANNA and California Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

119.   As a direct and proximate result of the DEFENDANTS, KHANNA and California Class Members were deprived overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

120.   REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are entitled to receive unpaid wages, penalties and fines, and DEFENDANTS are subject to pay unpaid wages, fines and penalties, pursuant to Cal. Labor Code §§ 558, 1194 and 1199, for DEFENDANT'S failure to pay KHANNA and California Class Members for time spent working in excess of the forty (40) hours per week, eight (8) hours per day, or applicable alternative workweek schedule in violation of California Wage Order No. 4-2001 and Cal. Labor Code §§ 510, 511 and 1198.

121.   REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are entitled to recover from DEFENDANTS all pre-judgment and post-judgment interest thereon pursuant to Cal. Labor Code §218.6, and reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to Cal. Labor Code §§218, 218.5, and 1194, and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION
**For Failure to Pay Full Wages When Due**
**(Cal. Labor Code §§ 201, 202, 203, 204, 1194, 1199)**

122.   REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members, repeats and re-alleges each and every allegation contained in Nos. 1 through 121, inclusive, above as though set forth fully herein.

123.   Cal. Labor Code §201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon the employee's

---

discharge. Cal. Labor Code §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation. Cal. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to Cal. Labor Code §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

124. Cal. Labor Code § 204 directs the timely payment of wages generally.

125. Cal. Labor Code §§ 1194 and 1199 direct the payment of unpaid wages and imposes penalties for failing to pay wages due.

126. On information and belief, REPRESENTATIVE PLAINTIFF alleges that, by failing to compensate KHANNA and Formerly Employed California Class Member who were discharged from their employment with DEFENDANTS, the DEFENDANTS have willfully failed to make timely payment of the full wages due to such employees, in violation of Cal. Labor Code § 201.

127. On information and belief, REPRESENTATIVE PLAINTIFF alleges that by failing to compensate Formerly Employed California Class Member who have quit their employment with DEFENDANTS, the DEFENDANTS willfully failed to make timely payment of the full wages due to such employees, in violation of Cal. Labor Code § 202.

128. On information and belief, REPRESENTATIVE PLAINTIFF alleges that by failing to timely compensate Formerly Employed California Class Member who have quit or been discharged from their employment with DEFENDANTS, PLAINTIFFS are entitled to recover waiting time penalties pursuant to Cal. Labor Code § 203.

129. On information and belief, REPRESENTATIVE PLAINTIFF alleges that by failing to timely compensate KHANNA and Formerly Employed California Class Member for time worked, DEFENDANTS violated and continue to violate Cal. Labor Code § 204.

130. REPRESENTATIVE PLAINTIFF and Formerly Employed California Class Members, and each of them, are entitled to recover from DEFENDANTS all unpaid wages to which they are entitled, plus pre-judgment and post-judgment interest thereon, and reasonable

1        attorneys' fees and costs incurred in prosecuting this action, pursuant to Cal. Labor Code

2        §§218, 218.5, and 1194, and Code of Civil Procedure § 1021.5.

3    131.    Pursuant to Cal. Labor Code § 1199, REPRESENTATIVE PLAINTIFF and Formerly

4        Employed California Class Members, and each of them, are entitled to recover from

5        DEFENDANTS any penalties to which they are entitled for DEFENDANT'S failure to

6        pay wages less than the minimum fixed by an order of the labor commissioner.

7                                **FOURTH CAUSE OF ACTION**
                        **For Failure to Adhere to California Record-Keeping Provisions**
8        **(Cal. Labor Code §§ 226, 226.3, 1174, 1174.5, Cal Wage Order No. 4-2001)**

9    132.    REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class

10       Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1

11       through 131, inclusive, above as though set forth fully herein.

12   133.    Cal. Labor Code §§ 226 and 1174 requires employers to provide employees an accurate

13       written itemized statement showing, among other things, gross wages earned, the total

14       hours worked by the employee, all deductions, net wages earned, all applicable hourly

15       rates in effect during the pay period and the corresponding number of hours worked at

16       each hourly rate by the employee.  Cal. Labor Code §§ 226(e), 226.3 and 1174.5 impose a

17       penalty upon employers who fail to maintain such employee records.

18   134.    On information and belief, REPRESENTATIVE PLAINTIFF alleges that

19       DEFENDANTS knowingly and intentionally failed to provide timely, accurate, itemized

20       wage statements including, *inter alia*, total hours worked and the name and address of the

21       legal entity that is the employer as required by Cal. Labor Code § 226(a) and Cal. Wage

22       Order No. 4-2001. Such failure caused injury to KHANNA and California Class

23       Members, by, among other things, impeding them from knowing the amount of wages to

24       which they are and were entitled. At all times relevant herein, DEFENDANTS failed to

25       maintain records of hours worked by KHANNA and California Class Members as

26       required under Cal. Labor Code § 1174.

27   135.    On information and belief, REPRESENTATIVE PLAINTIFF alleges that

28       DEFENDANTS failed to properly maintain adequate itemized statements of KHANNA

1    and California Class Members' work and labor as required by law. On information and

2    belief, REPRESENTATIVE PLAINTIFF alleges that said failure was knowing and

3    intentional by DEFENDANTS as DEFENDANTS sought to deprive KHANNA and

4    California Class Members of their legitimate right to unpaid wages and/or commissions,

5    and otherwise deprive KHANNA and California Class Members of overtime

6    compensation.

7    136.   On information and belief, REPRESENTATIVE PLAINTIFF alleges that as a result of

8           DEFENDANTS' intentional and knowing failure to maintain adequate itemized

9           statements, KHANNA and California Class Members could not ascertain the actual

10          amount of compensation they earned and/or were entitled to, and thereby suffered

11          damages in the form of accrued unpaid wages, commissions, overtime, and interest.

12   137.   Pursuant to Cal. Labor Code § 226(e), an employee who suffers injury as a result of an

13          employer's knowing and intentional failure to comply with subdivision (a), is entitled to

14          recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in

15          which a violation occurs and one hundred dollars ($100) per employee for each violation

16          in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

17          ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

18   138.   Pursuant to Cal. Labor Code § 226(g), an employee may also bring an action for

19          injunctive relief to ensure compliance with this section, and is entitled to an award of

20          costs and reasonable attorney's fees. As such, KHANNA and California Class Members

21          are entitled to penalties recoverable from DEFENDANTS as described herein, as well as

22          reasonable costs and attorneys fees pursuant to Cal. Labor Code §§218, 218.5, and 1194,

23          and California Code of Civil Procedure § 1021.5.

24   139.   Pursuant to Cal. Labor Code § 226.3, failure to comply with Cal. Labor Code § 226(a)

25          incurs a penalty against the employer in the amount of two hundred fifty dollars ($250)

26          per employee per violation in an initial citation and one thousand dollars ($1,000) per

27          employee for each violation in a subsequent citation.

28   ///

140.     REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are entitled to seek injunctive relief requiring DEFENDANTS to comply with Cal. Labor Code §§ 226(a) and 1174, and further seek all actual and statutory damages available for these violations under Cal. Labor Code §§ 226(e), 226.3 and 1174.5.

**FIFTH CAUSE OF ACTION**
**For Unfair Business Practices**
**(Cal. Bus. & Prof. Code §17200 *et seq.*)**

141.     REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 140, inclusive, above as though set forth fully herein.

142.     REPRESENTATIVE PLAINTIFF brings this cause of action in a representative capacity on behalf of KHANNA, California Class Members, the general public and the persons affected by the unlawful and unfair conduct described herein.

143.     DEFENDANTS' actions referenced above, including, but not limited to, the failure to pay KHANNA and California Class Members overtime compensation, constitute unfair business practices in violation of the California Unfair Competition Law ("UCL"), pursuant to California Business and Professions Code § 17200, *et seq.*

144.     On information and belief, REPRESENTATIVE PLAINTIFF alleges that the unfair, unlawful and fraudulent business practices complained of herein are and were the regular business practice of DEFENDANTS, and that DEFENDANTS continue to conduct their unlawful and unfair practices described herein.

145.     As a result of this conduct, DEFENDANTS have unlawfully and unfairly obtained monies due to KHANNA and California Class Members.

146.     On information and belief, REPRESENTATIVE PLAINTIFF alleges that all impacted individuals, including KHANNA and California Class Members, can be identified by reference to records in DEFENDANTS' custody, control and possession.

147.     On information and belief, REPRESENTATIVE PLAINTIFF alleges that through DEFENDANTS' failures to pay legally required wages, provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged

herein, DEFENDANTS violated numerous specific provisions of state and federal law and engaged in, and continue to engage in, unlawful, unfair and fraudulent business practices in violation of the UCL, depriving KHANNA and California Class Members of rights, benefits, and privileges guaranteed all employees under law, and caused KHANNA and California Class Members to suffer injury in fact and to lose money and/or property.

148.    On information and belief, REPRESENTATIVE PLAINTIFF alleges that by engaging in the unfair and unlawful business practices complained of herein, DEFENDANTS were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with whom DEFENDANTS compete.

149.    On information and belief, REPRESENTATIVE PLAINTIFF alleges that the harm to KHANNA and California Class Members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of DEFENDANTS' policies or practices and, therefore, DEFENDANTS' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

150.    Cal. Business and Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for DEFENDANTS to continue to retain the property of KHANNA and California Class Members.  KHANNA and California Class Members are therefore entitled to restitution of the unfair benefits obtained and disgorgement of DEFENDANTS' ill-gotten gains.  REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members, and each of them, seek restitution of all unpaid wages owing to them as well as all other available equitable relief.

151.    Injunctive relief pursuant to Cal. Business and Professions Code §17203 is necessary to prevent DEFENDANTS from continuing to engage in the unfair business practices alleged in this Complaint.  REPRESENTATIVE PLAINTIFF is informed and believes, and therefore alleges, that DEFENDANTS and/or persons acting in concert with

1    DEFENDANTS has, is now, and will continue to do or cause to be done, the illegal acts

2    alleged in this Complaint unless restrained and enjoined by this Court. Unless the relief

3    prayed for below is granted, a multiplicity of actions will result. REPRESENTATIVE

4    PLAINTIFF, on behalf of KHANNA and California Class Members, have no plain,

5    speedy, or adequate remedy at law, for reasons which include but are not limited to the

6    following: (a) it is difficult to measure the amount of monetary damages that would

7    compensate KHANNA and California Class Members for DEFENDANTS' wrongful

8    acts; and (b) in any event, pecuniary compensation alone would not afford adequate and

9    complete relief. The continuing violation of law by DEFENDANTS will cause great and

10   irreparable damage to KHANNA, California Class Members and others similarly

11   situated, unless DEFENDANTS are immediately restrained from committing further

12   illegal acts.

13   152.   REPRESENTATIVE PLAINTIFF and California Class Members, and each of them,

14        herein take upon themselves enforcement of these laws and lawful claims. There is a

15        financial burden incurred in pursuing this action. Therefore REPRESENTATIVE

16        PLAINTIFF, on behalf of KHANNA and California Class Members, and each of them,

17        seek recovery of attorneys' fees and costs of this action to be paid by DEFENDANTS , as

18        provided by the California UCL and Labor Code §§218, 218.5, 1194, and Cal. Code of

19        Civil Procedure § 1021.5.

20   153.   REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are

21        entitled to restitution of all monies due to them, as well as disgorgement of the ill-gotten

22        gains obtained by the DEFENDANTS as a result of their unlawful and unfair conduct at

23        all times relevant to this action.

24   154.   REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are

25        entitled to attorney's fees and costs for promoting the interest of the members of the

26        general public in causing the DEFENDANTS to cease their unfair business practices,

27        according to proof.

28   ///

### SIXTH CAUSE OF ACTION
**For Private Attorneys General Act Claims**
**(Cal. Labor Code § 2698 *et seq.*)**

155.  REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members, repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 154, inclusive, above as though set forth fully herein.

156.  REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members, have complied with the notice requirements of submitting a Private Attorneys General Act claim pursuant to Cal. Labor Code § 2699.3(a).

157.  REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and California Class Members,  alleged violations of Cal. Labor Code §§ 201, 202, 204, 226, 510, 511, 1174, 1194, 1198, 1199, and 2699(f) and (g) with respect to KHANNA and the California Class Members' employment with DEFENDANTS at all times relevant herein.

158.  Cal. Labor Code § 2699(f) provides for the payment of civil penalties for violation of provisions of the Cal. Labor Code for which a civil penalty is not already provided.

159.  Cal. Labor Code § 2699(g) provides for the award of attorney's fees and costs to an employee who prevails in an action brought under Cal. Labor Code § 2698 *et seq.*

160.  Cal. Labor Code § 2699(i) provides that the civil penalties set forth in Cal. Labor Code § 2698 *et seq.* shall be divided between the aggrieved employees and the Labor and Workforce Development Agency.

161.  Pursuant to Cal. Labor Code § 2699.3(a)(2)(C), REPRESENTATIVE PLAINTIFF and California Class Members, and each of them, are entitled to civil penalties, and attorneys' fees and costs as set forth in Cal. Labor Code §§ 2699(f) and 2699(g) for DEFENDANTS' violations of Cal. Labor Code §§ 201, 202, 203, 204, 226, 510, 511, 1174, 1194, 1198, 1199, and 2699(f) and (g) with respect to KHANNA and the California Class Members' employment with DEFENDANTS as alleged herein and in KHANNA and the California Class Members' Private Attorneys General Act claim.

///

///

WHEREFORE, REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and all Plaintiff Class Members, pray for relief as follows:

1.    An order declaring that the FLSA Class's claims may be maintained as a collective action and certifying the FLSA Class as alleged and prayed for herein;

2.    An order declaring the California Class's claims may be maintained as a class action and certifying the California Class as alleged and prayed for herein;

3.    An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all FLSA Class Members for damages in the amount of unpaid overtime compensation and wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

4.    An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all members of the California Class of damages in the amount of unpaid overtime compensation and wages under California law, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

5.    For a determination that DEFENDANTS' conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, and therefore KHANNA and all members of the FLSA Class are entitled to recover damages for the three years prior to the filing of PLAINTIFFS' individual Consent to be Included in the FLSA Collective Action;

6.    For costs incurred as a result of this proceeding;

7.    An award to REPRESENTATIVE PLAINTIFF, KHANNA and all Formerly Employer California Class Members for waiting time penalties provided in Cal. Labor Code § 203;

8.    An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all members of the Plaintiff Class of reasonable attorneys' fees and legal costs, including expert costs and fees, under 29 U.S.C. § 216(b), Cal. Labor Code §§ 218.5, 226(e), 1194, Cal. Code of Civil Proc. § 1021.5, and/or any other applicable law;

9.    An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all members of the California Class of all civil and statutory penalties authorized under Cal. Labor Code §§ 226, 226.3, 558, 1174.5, 1199 and/or other applicable law;

10.   An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all members of the
California Class of all civil penalties, and attorneys' fees and costs, authorized under Cal.
Labor Code §§ 2699(f) and 2699(g);

11.   An award to the REPRESENTATIVE PLAINTIFF, KHANNA and all members of the
California Class of pre and post judgment interest;

12.   An award of damages, statutory penalties, restitution and interest to be paid by
DEFENDANTS according to proof;

13.   Appropriate equitable and injunctive relief to remedy DEFENDANTS' violations of the
laws of California, including but not necessarily limited to an order enjoining
DEFENDANTS from continuing its unlawful policies and practices; and

14.   An award of such other and further relief as this Court may deem just and appropriate.

## JURY DEMAND

The REPRESENTATIVE PLAINTIFF, on behalf of KHANNA and the Plaintiff Class
Members, hereby demand trial by jury on all issues triable of right by jury.

Dated: August 11, 2009                          **MASTAGNI HOLSTEDT AMICK
                                                MILLER & JOHNSEN**


                                                By: _____/s/_____
                                                        DAVID E. MASTAGNI, ESQ.
                                                        Attorney for PLAINTIFFS