1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  JAMES B. CARR, ESQ. (SBN 53274)
   ISAAC S. STEVENS, ESQ. (SBN 251245)
3  DAVID D. KING, ESQ. (SBN 252074)
   **MASTAGNI, HOLSTEDT, AMICK,**
4  **MILLER & JOHNSEN**
   *A Professional Corporation*
5  1912 "I" Street
   Sacramento, California 95811-3151
6
   Telephone: (916) 446-4692
7  Facsimile: (916) 447-4614

8  Attorneys for Plaintiffs

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11 SHASHI KHANNA, suing individually and as )   CASE NO. 2:09-CV-02214-GEB-GGH
   Successor in Interest of Amankumar Khanna, )
12 deceased, by and on behalf of Amankumar )    **OPPOSITION TO INTER-CON**
   Khanna , all others similarly situated, and the )  **SECURITY SYSTEM INC. MOTION**
13 general public,                           )   **TO STRIKE OR, IN THE**
                                             )   **ALTERNATIVE, MOTION TO**
14              Plaintiffs                    )   **DISMISS**
                                             )
15              v.                            )   Date:  October 26, 2009
                                             )   Time:  9:00 a.m.
16 INTER-CON SECURITY SYSTEMS, INC., a )      Dept.: Courtroom 10
   California Corporation D/B/A/ HEALTHCARE ) Judge: Hon. Garland E. Burrell, Jr.
17 SECURITY SERVICES GROUP, a putative )      Date Action Filed:  August 11, 2009
   independent entity; ENRIQUE HERNANDEZ, )
18 JR., an individual; NEIL MARTAU, an )
   individual; LANCE MUELLER, an individual; )
19 ROLAND A. HERNANDEZ, an individual; )
   PAUL R. MILLER, an individual; MICHAEL P. )
20 MACHARG, an individual; JEANNE GERVIN )
   an individual; MICHAEL SUTKAYTIS, an )
21 individual; JANA FANNING, an individual; )
   BRITTANY  MOORE,  an  individual; )
22 CATHERINE ROSS, an individual; LINDA )
   S A Y A D ,   a n   i n d i v i d u a l ;   M A R K )
23 CHAMBERLAIN, an individual; and JAMES )
   LATHAM, an individual,                     )
24                                            )
                                             )
25              Defendants.                   )
                                             )
26 _____ )

27 ///

28 ///

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.   FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Motion to Dismiss - FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.   Motion to Strike - FRCP 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   CLASS CERTIFICATION IS POSSIBLE WITH THE FACTS ALLEGED.
       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.   Inter-Con's Motion to Strike the Class Allegations is Premature Because
           Discovery has not Commenced and Plaintiff has not Moved for Class
           Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.   Inter-Con Cannot Show that Class Certification is Impossible with the
           Facts Alleged  in the Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           a.   Numerosity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

           b.   Commonality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

           c.   Typicality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           d.   Adequacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    B.   PLAINTIFF HAS STANDING TO SUE BECAUSE SHE SUCCEEDED TO
       HER DECEASED HUSBAND'S CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . 13

    C.   PLAINTIFF IS ENTITLED TO BRING AN FLSA COLLECTIVE ACTION
       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    D.   BECAUSE PLAINTIFF HAS STANDING TO BRING A PAGA CAUSE OF
       ACTION, THE COURT MUST DENY INTER-CON'S MOTION TO STRIKE
       THE SIXTH CAUSE OF ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    E.   THE COURT MUST NOT STRIKE PLAINTIFF'S PRAYER FOR
       INJUNCTIVE RELIEF BECAUSE PLAINTIFF IS ENTITLED TO SUCH
       RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    F.   PLAINTIFF IS ENTITLED TO RESTITUTION OF UNPAID WAGES UNDER
       BUS. & PROF. CODE § 17200
       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        1.   Wages are Recoverable Under Bus. & Prof. Code § 17200 . . . . . . . . . 19

        2.   Plaintiff's Unpaid Wages are Quantifiable . . . . . . . . . . . . . . . . . . . . 20

3.   Plaintiff Does Not Seek Restitution of Penalties under Bus. & Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

G.   INTER-CON'S MOTION TO STRIKE ALLEGATIONS AS TO INDIVIDUALLY NAMED DEFENDANTS SHOULD BE DENIED . . . . . . 21

1.   Inter-Con Lacks Standing to Bring a Motion on Behalf of the Named Individual Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

2.   Inter-Con's Motion to Strike Allegations Against the Individually-Named Defendants is Premature. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

3.   The Court Must Deny Inter-Con's Motion to Strike Plaintiff's Second, Third and Fourth Causes of Action Because Individuals can be Personally Liable for Violations of the FLSA and California Labor Code . . . . . . . 23

4.   Plaintiff Successfully Served the Individually-Named Defendants . . . . . . 25

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

OPPOSITION TO MOTION TO STRIKE

iii

KHANNA V. INTER-CON, et al.
CASE NO. 2:09-CV-02214-GEB-GGH

# TABLE OF AUTHORITIES

**CASES**

*Acebal v. United States,* 60 Fed. Cl. 551, 557 (2004) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Allen v. Holiday Universal* 249 F.R.D. 166, 186-87 (E.D. Pa. 2008) . . . . . . . . . . . . . 11

*Amalgamated Transit Union v. Super. Ct.* 46 Cal.4th 993 (2009) . . . . . . . . . . . . . . . . 18

*Arias v. Superior Ct.* 46 Cal. 4th 969 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Baas v. Dollar Tree Stores* 2007 WL 2462150 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . 5

*Barrus v. Dick's Sporting Goods, Inc.* 465 F. Supp. 224, 229 . . . . . . . . . . . . . . . . . . . 16

*Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) . . . . . . . . . . 25

*Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County* 115 F.3d 1372, 1379 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Bessette v. Avco Financial Services, Inc.* 279 B.R. 442, 450 (D.R.I. 2002) . . . . . . . . . . . 8

*Boucher v. Shaw* 572 F. 3d 1087 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Bradstreet v. Wong* 161 Cal.App.4th 1440, 1451 (2008) . . . . . . . . . . . . . . . . . . . . . . . 24

*Bristol-Meyers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 219 (D.N.J. 2000) . . . . . . . . 4

*Brosious v. Children's Place Retail Stores* 189 F.R.D. 138, 145  (D.N.J. 1999) . . . . . . . . 9, 10

*Bryant v. Food Lion, Inc.* 774 F. Supp. 1484, 1495 (D. S. C. 1991) . . . . . . . . . . . . . . 3, 5, 6

*Byes v. Telecheck Recovery Services* 173 F.R.D. 421 (E.D. La. 1997) . . . . . . . . . . . . . . 6, 12

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) . . . . . . . . . . . . . . . . . . . . . . 7

*Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc.* 502 F. 3d 91, 99-100 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Corrections USA, et al. v. Dawe,* 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007) . . . . . . . . . . . . 4

*Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 177-78 (2000) . . . . . . . . 19, 20

*County of L.A. v. Superior Court* 981 P.2d 68, 75 (Cal. 1999) . . . . . . . . . . . . . . . . . . . 14

*County of Los Angeles v. Superior Court*, 21 Cal.4th 292, 295 (1999) . . . . . . . . . . . . . . 15

*Credit General Ins. Co. v. Midwest Indemnity Corp.*, 916 F. Supp. 766 (N.D. Ill. 1996) . . . . . . 4

*DeBraska v. City of Milwaukee* 11 F. Supp. 2d 1020 (7th Cir. 1999) . . . . . . . . . . . . . . 16

*Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 177 . . . . . . . . . . . . . . . . . . . . . . . 3

*Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1  *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1376 (S.D. Fla. 2008) . . . . . . . . . . . . . 24

2  *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003) . . . . . . . . 22

3  *Fletcher v. Grinnell Bros.* 64 F. Supp. 778, 780 (E.D. Mich. 1946) . . . . . . . . . . . . . . . . . . 15, 16

4  *Freitag v. Ayers*, 468 F.3d 528 (9th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

5  *Goldberg v. Saf-T-Clean, Inc.*, 209 F.Supp. 343, 345 (S.D.Fla.1962) . . . . . . . . . . . . . . . . . . 24

6  *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 936 (1961) . . . . . . 24

7  *Hanley  v. Volpe,* 48 F.R.D. 387 (ED Wis., 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

8  *Hanlon v. Chrysler Corp.* 150 F. 3d 1011, 1019 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 9

9  *Hanon v. Dataproducts Corp.* 976 F. 2d 497, 508 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 10

10  *Hilao v. Marcos* 103 F.3d 762, 766 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11  *Hilton v. Hallmark Cards* 2009 WL 2710225, at *14 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . 22

12  *Hipolito v. Alliance Receivables Mgmt., Inc.*, 2005 WL 1662137 (N.D. Cal. 2005) . . . . . . . . . 7

13  *Holly v. Crank* 400 F. 3d 667, 675 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

14  *In re Ball*, 2 Cal. App. 2d 578 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

15  *In re Boland,* 79 F.R.D. 665, 668 (D.C.D.C 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

16  *In re Wal-Mart Stores, Inc.* 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) . . . . . . . . . . . . . . . 5-7

17  *Johnson v. GMRI, Inc.* 2007 WL 963209 * 7 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 8

18  *Jones v. Gregory*, 137 Cal. App. 4th 798, 810 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

19  *Kamm v. Cal. City Dev. Co.*, 509 F. 2d 205, 210 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . 6

20  *Kaplan v. Pomerantz* 131 F.R.D. 118 (N.D. Ill. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

21  *Khorrie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013-1014 (1990) . . . . . . . . 25

22  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) . . . . . . . . . . . . . . . 19, 20

23  *Kromnick v. State Farm Insurance Co.* 112 F.R.D. 124 (E.D. Pa. 1986) . . . . . . . . . . . . . . . . 11

24  *Krzesniak v. Cendant Corp.* 2007 WL 1795703 * 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

25  *Lerwill v. Inflight Motion Pictures, Inc.* 582 F. 2d 507, 512 (9th Cir. 1978) . . . . . . . . . . . 10, 11

26  *Loyd v. Paine Webber, Inc.* 208 F. 3d 755, 759 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 3

27  *Marchak v. Observer Publications, Inc.*, 493 F. Supp. 278 (D.R.I. 1980) . . . . . . . . . . . . . . . . 24

28  *Marshall v. Sam Dell's Dodge Corp.*, 451 F.Supp. 294, 296 (N.D.N.Y.1978) . . . . . . . . . . . . 24

OPPOSITION TO MOTION TO STRIKE

v

KHANNA V. INTER-CON, et al.
CASE NO. 2:09-CV-02214-GEB-GGH

1    *Massey v. Helman* 196 F.3d 727, 739 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

2    *Montecino v. Spherion Corp.*, 427 F. Supp. 965, 966– 967 (C.D.Cal. 2006) . . . . . . . . . . . 4

3    *Moreland v. Las Vegas Metro. Police Dep't* 159 F.3d 365, 369 (9th Cir. 1998) . . . . . . . . . . 14

4    *Nanty v. Barrows Co.*, 660 F.2d 1327 (9th Cir.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

5    *NGV Gaming, Ltd. v. Upstream Point Molate, LLC* 355 F.Supp. 2d 1061, 1063 (N.D. Cal. 2005)3

6    *Novick v. UNUM Life Insurance Co. of America*, 570 F. Supp. 2d 1207 (C.D.Cal. 2008) . . . . 4

7    *O'Brien v. R. J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir., 1993) . . 26

8    *Park v. Ralph's Grocery Co.* 254 F.R.D. 112, 122  (C.D. Cal. 2008) . . . . . . . . . . . . . . . . . 12

9    *Piazza v. Ebsco Indus.* 273 F. 3d 1341 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 6

10    *Pusey v. Dallas Corp.*, 898 F.2d 498 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 22

11    *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp.2d 556, 561 (C.D.Cal.2005) . . . . . . . . . . 3, 4

12    *Rennie & Laughlin, Inc. v. Chrysler Corp.* 242 F. 2d 208, 213 (9th Cir. 1957) . . . . . . . . . . . 3

13    *Retired Chicago Police Ass'n v. City of Chicago.* 76 F.3d 856, 862 (7th Cir. 1996) . . . . . . . . 22

14    *Reynolds v. Bement* 36 Cal.4th 1075 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24

15    *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* 102 Cal. App. 4th 765, 783 (Cal. App. 3d Dist. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16    *Robertson v. Wegmann*, 436 U.S. 584, 98 S. Ct. 1991 (1978) . . . . . . . . . . . . . . . . . . . . . . 14

17    *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal. App. 4th 1545, 1553 (2007) . . . . . . 14

18    *Shamberg v. Ahlstrom* 111 F.R.D. 689 (D.N.J. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19    *Sherrill v. Sutherland Global Services, Inc.* 487 F. Supp. 2d 334, 348 . . . . . . . . . . . . . . . 16, 17

20    *Shultz v. Clay Transfer Co.*, 50 F.R.D. 480, 481 (E.D.N.C.1970) . . . . . . . . . . . . . . . . . . . . 24

21    *South Broward Hosp. Dist. v. MedQuist Inc.* 516 F. Supp. 2d 370, 402 . . . . . . . . . . . . . . . . 6

22    *State of Nev. Employees' Assn. v. Bryan* 916 F. 2d 1384 (9th Cir. 1990) . . . . . . . . . . . . . . . 16

23    *Stuart v. Radioshack Corp.* 2009 WL 281941 * 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24    *Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 366 (1966) . . . . . . . . . . . . . . . . . . . . . . . 12, 13

25    *U.S. v. Howell*, 318 F. 2d 162, 166 (9th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26    *U.S.A. Nutrasource, Inc. v. CNA Insurance Co.*, 140 F. Supp.2d 1049, 1052-1053 (NDCA 2001)26

27    *Unger v. Amedisys, Inc.* 401 F. 3d 316 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28    *United Food & Commercial Workers Union, Local 1564 of N.M. v. Albertson's, Inc.*  207 F.3d

OPPOSITION TO MOTION TO STRIKE

vi

KHANNA V. INTER-CON, et al.
CASE NO. 2:09-CV-02214-GEB-GGH

1193, 1201 (10th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Veliz v. Cintas Corp.* (N.D. Cal. Jul. 17, 2008) No. C 03-1180 RS, 2008 WL 2811171, at *1.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Venerable v City of Sacramento*, 185 F. Supp.2d 1128, 1130 (E.D. Cal. 2002) . . . . . . . . . . . 14

*Walls v. Wells Fargo Bank, N.A.* 262 B.R. 519, 529 (E.D. Cal. 2001) . . . . . . . . . . . . . . . . 8

*Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033 (9th Cir. 2006) . . . . . . . . 18, 19

*Wang v. Chinese Daily News, Inc.* (C.D. Cal. 2005) 231 F.R.D. 602, 605-606 . . . . . . . . . . . 3

*Warth v. Seldin* 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975) . . . . . . . . . . . . . . . . . 22

*Wright v. Linkus Enterprises, Inc.* 2009 WL 2365436 * 4 (E.D. Cal. 2009) . . . . . . . . . . . . 10


RULES

9th Cir. Rule 36-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

E.D. Cal. Local Rule 5-133(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


STATUTES

29 U.S.C. § 203(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Bus. & Prof. Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 21

Cal. Code Civ. Proc. § 377.10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Code Civ. Proc. § 377.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Code Civ. Proc. § 377.24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Code Civ. Proc. § 377.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Code Civ. Proc. § 377.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Code Civ. Proc. § 377.34 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cal. Code Civ. Proc. § 377.60(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cal. Code Civ. Proc. § 415.20(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Cal. Code Civ. Proc. § 415(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Cal. Labor Code § 2698 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Cal. Labor Code § 510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Cal. Labor Code § 558 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

OPPOSITION TO MOTION TO STRIKE                                                                                    KHANNA V. INTER-CON, et al.
                                                                                                                                       CASE NO. 2:09-CV-02214-GEB-GGH

vii

1

California Unfair Competition Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2

Fair Labor Standards Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17, 24

3

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 8

4

FRCP 12(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

5

FRCP 17(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6

FRCP 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7

FRCP 4(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

8

FRCP 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

9

Private Attorneys General Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17, 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Shashi Khanna hereby submits her opposition to the Motion to Strike Improper Allegations, Second, Third, Fourth, Fifth, and Sixth Causes of Action, and Impermissible Forms of Relief or, in the Alternative, Motion to Dismiss filed by Defendant Inter-Con Security Systems, Inc. ("Inter-Con").  The Court must deny Inter-Con's motion because the Plaintiff is entitled to seek relief for the causes of action alleged in the Complaint.  At its core, Inter-Con's motion asks the Court to hold that a deceased employee's right to wages expire when the employee dies, and his successor in interest has no right to sue his former employer.  Because an employee's right to sue his employer for unlawful pay practices survives death, and succeeds to the employee's successor in interest, the Court must deny Inter-Con's motion.

# I.
## FACTS

Inter-Con employs individuals to provide security services at facilities throughout the United States.  Complaint, ¶¶ 26-41.  Amankumar Khanna began working for Inter-Con in 1999. *Id.* at ¶ 21.  As an Inter-Con employee, he regularly worked in excess of eight hours per day, and forty hours per week.  *Id.* at ¶ 10. He did not receive overtime compensation for this work, and his pay records did not indicate that he earned overtime compensation. *Id.* Inter-Con tried to avoid paying overtime compensation by claiming that Khanna was performing work for two employers, Inter-Con and another entity named "Healthcare Security Services Group.[1]" *Id.* at ¶ 12.

Amankumar Khanna worked for Inter-Con until October 2008, when he died. *Id.* at ¶ 21. He was survived by his wife, Shashi Khanna, and three daughters.  Shashi Khanna, the named plaintiff in this case, is Amankumar's successor in interest[2]. *Id.* As Khanna's successor in interest, Plaintiff succeeded to Khanna's claims against Inter-Con. *Id.* at ¶ 22.

Plaintiff filed her Complaint on August 11, 2009.  The Complaint seeks relief for violations of the FLSA and California Labor Code, alleging the Defendants violated California law and the Fair

---

[1]At this time, it is unclear whether Healthcare Security Services Group is an independent entity or a fictitious name used by Inter-Con or individual defendants named in this action. *Id.* at ¶ 27.

[2]Because the plaintiff in this action, Shashi Khanna and her dead husband, Amankumar, share the same surname, Shashi is referred to as "Plaintiff" in this brief, while Amankumar is referred to as "Khanna."

1  Labor Standards Act by failing to pay overtime compensation to employees who worked in excess

2  of eight hours per work day, or forty (40) hours per work week.  The Complaint further alleges the

3  Defendants willfully and/or recklessly withheld paying sufficient overtime compensation by falsely

4  representing to its employees that Inter-Con Security Systems Inc. and purported independent entity

5  Healthcare Security Services Group were separate entities.  *Id.* at ¶ 56.  The Complaint also alleges

6  that Defendants violated California Labor Code provisions requiring them to maintain accurate

7  payroll records, promptly pay all wages when due, and engaged in unfair and fraudulent business

8  practices.  *See, generally,* Complaint.  Plaintiff seeks damages in the form of unpaid compensation,

9  liquidated damages, interest, statutory penalties, civil penalties under the Private Attorneys General

10 Act ("PAGA"), attorneys' fees and costs and injunctive relief.  *Id.*

11 Plaintiff brings her claim on behalf of herself (as Khanna's successor in interest) and those

12 similarly situated under the FLSA, and on behalf of California Class members defined as all

13 non-exempt security guards or security officers who are currently employed or have been employed

14 by the Defendants, including Inter-Con and the putative independent entity known as Healthcare

15 Security Services Group, within the State of California who at any time four (4) years prior to the

16 filing of this lawsuit and who in the aggregate worked more than 8 hours in a day or 40 hours in a

17 week for the Defendants without being compensated at the proper premium or overtime rate.

18 Complaint, ¶ 71.

19 Inter-Con's Motion to Strike claims that Plaintiff cannot bring a class or collective action

20 against Inter-Con because she never worked for Inter-Con. For the reasons discussed herein, Plaintiff

21 opposes this motion.

**II.**
**STANDARD OF REVIEW**

24 Inter-Con's motion seeks to dismiss or strike the Complaint.  Motions to dismiss are

25 governed by FRCP 12(b)(6).  Motions to strike are governed by FRCP 12(f).

26 **A.   Motion to Dismiss - FRCP 12(b)(6)**

27 A motion to dismiss tests the sufficiency of the complaint.  *NGV Gaming, Ltd. v. Upstream*

28 *Point Molate, LLC* 355 F.Supp. 2d 1061, 1063 (N.D. Cal. 2005). The Court's inquiry on a motion

OPPOSITION TO MOTION TO STRIKE

2

KHANNA V. INTER-CON, et al.
CASE NO. 2:09-CV-02214-GEB-GGH

1   to dismiss is limited to the contents of the Complaint.  *See Loyd v. Paine Webber, Inc.* 208 F. 3d 755,

2   759 (9th Cir. 2000).  All allegations must be taken as true and construed in the favor of the Plaintiff.

3   (*Id.*)

4          The Court must deny Inter-Con's motion to dismiss if the Complaint shows the Plaintiff "is

5   entitled to any relief which the court can grant, regardless of whether it asks for the proper relief."

6   *U.S. v. Howell*, 318 F. 2d 162, 166 (9th Cir. 1963).  It should not grant the motion merely because

7   it believes the Plaintiff's claim is legally or factually doubtful; a case should be tried "on the proofs

8   rather than on the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.* 242 F. 2d 208, 213 (9th Cir.

9   1957). Even where dismissal is appropriate, the Court must grant leave to amend unless it is clear that

10  the Complaint cannot be saved by amendment. *Holly v. Crank* 400 F. 3d 667, 675 (9th Cir. 2005).

11  If the Court finds Plaintiff's Complaint deficient, Plaintiff hereby seeks leave to amend.

12         While Inter-Con ostensibly conflates its motion to dismiss with an opposition to class

13  certification, the Court's inquiry for this FRCP 12(b)(6) motion to dismiss is substantively different

14  than a motion for class certification. On a motion for class certification, "the question is not whether

15  the plaintiff or plaintiffs have stated a cause of action. . . but rather whether the requirements of Rule

16  23 are met." (*Wang v. Chinese Daily News, Inc.* (C.D. Cal. 2005) 231 F.R.D. 602, 605-606 (*citing*

17  *Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 177.)) For the FRCP 12(b)(6) motion at bar,

18  Inter-Con has the burden of demonstrating from the fact of Plaintiff's Complaint that it will be

19  impossible to certify the classes regardless of the facts Plaintiff may be able to prove. *See Bryant v.

20  Food Lion, Inc.* 774 F. Supp. 1484, 1495 (D. S. C. 1991).

21         **B.    Motion to Strike - FRCP 12(f)**

22         The Court may strike any redundant, immaterial, impertinent, or scandalous matter from the

23  Complaint. FRCP 12(f). Motions to strike are disfavored."because of the limited importance of

24  pleadings in federal practice and because [a motion to strike] is usually used as a delaying tactic."

25  *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp.2d 556, 561 (C.D.Cal.2005). The Court may not

26  grant a motion to strike unless it is "convinced that there are no questions of fact, that any questions

27  of law are clear and not in dispute, and that under no set of circumstances could the claim or defense

28  succeed." (*Id.*)

1   The moving party must state the basis for the motion to strike with particularity and identify

2   specifically the items, allegations or information to be stricken. *Credit General Ins. Co. v. Midwest*

3   *Indemnity Corp.*, 916 F. Supp. 766 (N.D. Ill. 1996).

4   The Court must deny Inter-Con's motion to strike unless the challenged material bears no

5   possible relation to the controversy, and may cause prejudice to the Inter-Con. *Corrections USA, et*

6   *al. v. Dawe,* 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007). To prevail, the moving party must make two

7   showings: (1) the challenged allegations must be clearly unrelated to the Plaintiff's claims; and (2)

8   Inter-Con will be prejudiced by permitting these allegations to remain in the pleading. *Id.* at 938.

9   When considering Inter-Con's motion to strike, the Court must deem as admitted all of the

10   non-moving party's well pleaded facts, draw all reasonable inferences in the Plaintiff's favor, and

11   resolve all doubts in favor of denying the motion to strike. *Novick v. UNUM Life Insurance Co. of*

12   *America*, 570 F. Supp. 2d 1207 (C.D.Cal. 2008).

13   A disputed question of fact cannot be decided on a motion to strike. Likewise, if any doubt

14   remains as to the potential later relevance of the contested allegations, the motion will be denied.

15   *Montecino v. Spherion Corp.*, 427 F. Supp. 2d 965, 966– 967 (C.D.Cal. 2006). If disputed questions

16   remain regarding the challenged material, the Court must deny Inter-Con's motion to strike. *Bristol-*

17   *Meyers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 219 (D.N.J. 2000) [motion to strike should

18   not be used as a vehicle to determine disputed and substantial questions of law or fact.]

19   A motion to strike class allegations before discovery is conducted, while brought under FRCP

20   12(f), is treated as a motion to dismiss.  Because the parties have not conducted discovery in this

21   case, the Court must review Inter-Con's motion to strike the class allegations using the standard for

22   FRCP 12(b)(6) motions to dismiss discussed above. *Bryant*, *supra* 774 F. Supp. at 1495.

23

24   **III.**
   **DISCUSSION**

25   Because Inter-Con cannot demonstrate that class certification is impossible with the facts

26   alleged in the Complaint, the Court must deny its motion to strike the class allegations.

27   Inter-Con's motion to strike the collective action, PAGA, and UCL allegations must fail as

28   well, because Plaintiff is not merely Khanna's representative, she *is* Khanna for the purposes of this

1   litigation.  Plaintiff, standing in Khanna's shoes, is a member of the class entitled to recover from the

2   Defendants.  Because she is a member of the class, and -as alleged in the Complaint - able to fairly

3   and adequately represent the class, she can seek class relief for all claims for which Khanna was

4   entitled to relief.

5   **A.     CLASS CERTIFICATION IS POSSIBLE WITH THE FACTS ALLEGED.**

6            Because Inter-Con asks the Court to strike Plaintiff's class allegations without allowing the

7   parties to conduct discovery, it has the burden of proving that class certification is impossible

8   regardless of what facts Plaintiff can prove. *See Bryant, supra* 774. F. Supp. at 1495. Inter-Con

9   cannot keep this burden.  Accordingly, the Court must deny the pending motion to strike.

10
     **1.     Inter-Con's Motion to Strike the Class Allegations is Premature Because Discovery has**
11          **not Commenced and Plaintiff has not Moved for Class Certification.**

12           Motions to dismiss class allegations filed before discovery begins are almost always

13  premature. Consequently, they are rarely granted. *In re Wal-Mart Stores, Inc.* 505 F. Supp. 2d 609,

14  615 (N.D. Cal. 2007) ("[W]hile there is little authority on this issue within the Ninth Circuit, decisions

15  from courts in other jurisdictions have made clear that dismissal of class allegations at the pleading

16  stage should be done rarely.") (internal citations omitted).

17           It is better to deny motions to dismiss class allegations because the shape and form of class

18  action evolve only with discovery. *Baas v. Dollar Tree Stores* 2007 WL 2462150 (N.D. Cal. 2007)

19  * 3 (attacks on class allegations premature where discovery had not commenced and plaintiff had not

20  moved for class certification); *South Broward Hosp. Dist. v. MedQuist Inc.* 516 F. Supp. 2d 370, 402

21  (dismissal of class allegations before discovery "should be done rarely and the better course is to deny

22  such a motion."; *In re Wal-mart Stores, Inc., supra* 505 F. Supp. 2d at 615-16 ("while plaintiffs' class

23  definitions are suspicious and may in fact be improper, plaintiffs should at least be given the

24  opportunity to make the case for certification on appropriate discovery.").  As a general matter, a

25  ruling on class certification must be based on "more information than the complaint itself provides,

26  and should be made only after a rigorous analysis of the particular facts of the case. *Bryant, supra*

27  774 F. Supp. at 1495.

28           Tellingly, the cases Inter-Con cites in support of its motion to strike the class allegations

1  were decided at the class certification stage. *See Piazza v. Ebsco Indus.* 273 F. 3d 1341 (11th Cir.

2  2001) (appeal from certification of class); *Byes v. Telecheck Recovery Services* 173 F.R.D. 421 (E.D.

3  La. 1997) (district court ruling on certification motion); *Unger v. Amedisys, Inc.* 401 F. 3d 316 (5th

4  Cir. 2005) (appeal from certification of a class). In those cases, the presiding court was presented

5  with deposition testimony and other discovery in support of the parties' arguments.

6      Here, Inter-Con's motion asks the Court to determine whether class certification is impossible

7  before a class certification motion is filed – without the benefit of discovery, or any facts outside

8  those alleged in the Complaint.

9      The cases Inter-Con cites in support of its pre-discovery motion do not justify dismissing

10  and/or striking the pleadings here. Moreover, those cases acknowledge that class actions generally

11  should not be dismissed before discovery. *See, e.g. Kamm v. Cal. City Dev. Co.*, 509 F. 2d 205, 210

12  (9th Cir. 1975) ("the propriety of a class action cannot be determined in some cases without

13  discovery, as for example, where discovery is necessary to determine the existence of a class or set

14  of subclasses.  To deny discovery in a case of that nature would be an abuse of discretion.") Simply

15  put, the cases Inter-Con relies on are not analogous to the case at bar.

16      In *Hipolito v. Alliance Receivables Mgmt., Inc.*, 2005 WL 1662137 (N.D. Cal. 2005)[3], for

17  example, the Court dismissed class allegations without discovery because the alleged misconduct not

18  unlawful as a matter of law, making it impossible for the putative class to state a claim for relief.  In

19  our case, the Complaint alleges (among other things) that the Defendants failed to pay overtime

20  compensation, and failed to timely pay wages due on termination, and failed to keep accurate pay

21  records.  There can be no doubt that the complained-of conduct violated the law[4], and therefore the

22  class can obtain relief if it proves that the conduct occurred.

23

24      [3] Parenthetically, Plaintiff objects to Inter-Con's citation to this case pursuant to 9th Cir. Rule 36-3, which

25  prohibits parties from citing unpublished cases issued before 2007.  Because Inter-Con cites *Hipolito* in support of its
    motion, however, Plaintiff addresses the case here.  Pursuant to E.D. Cal. Local Rule 5-133(i), a copy of *Hipolito* is

26  attached to Plaintiff's Appendix of Unofficially Reported Decisions, filed concurrently herewith.

27      [4] *See, e.g., Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* 102 Cal. App. 4th 765,
    783 (Cal. App. 3d Dist. 2002)  (imposition of waiting time penalties pursuant to Cal. Labor Code § 203 where

28  defendant willfully failed to pay final wages); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation* 505 F. Supp. 2d
    609, 616-17 (N.D. Cal. 2007) (plaintiff stated claim for wages where defendant doctored employees' time sheets and
    failed to pay overtime for work days where single shift spanned two calendar days.)

1    In *Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) the court struck class

2    allegations without discovery because the complaint - which sought certification of a class of

3    defendants - revealed that the Plaintiff did not have standing to bring causes of action against all

4    members of the putative class. *Id.* at 224. Since the plaintiff lacked standing to sue, the court was

5    barred from hearing a case against defendants, and class certification was impossible.  Here, Plaintiff

6    has standing to pursue her own claims against the Defendants.  Thus, standing is not an issue.

7    Inter-Con cannot show that the Plaintiff cannot maintain a class action as a matter of law,

8    because the allegations in the Complaint do not support such an argument.  Accordingly, Inter-con

9    cannot prevail on a motion to strike or dismiss at this time.  After the parties conduct class discovery

10   and move for class certification, Inter-Con can raise its arguments against Plaintiff's class allegations.

11   Until that time, Inter-Con's arguments are premature.

12
13   **2.    Inter-Con Cannot Show that Class Certification is Impossible with the Facts Alleged in the Complaint**.

14   Because Inter-Con filed its motion to strike class allegations before any discovery was

15   conducted in this case, the Court must employ the standard set forth in FRCP 12(b)(6), reviewing the

16   motion as though it were a motion to dismiss. *Bessette v. Avco Financial Services, Inc.* 279 B.R. 442,

17   450 (D.R.I. 2002); *see also Walls v. Wells Fargo Bank, N.A.* 262 B.R. 519, 529 (E.D. Cal. 2001)

18   (treating defendant's anticipatory motion to deny class certification as "the functional equivalent of

19   a motion to dismiss"). Because Inter-Con cannot carry its burden to demonstrate that Plaintiff's

20   allegations make it impossible to certify a class, the Court must deny Inter-Con's motion to strike the

21   class allegations.

22   In the context of this FRCP 12(b)(6) motion, the question the Court must ask is whether a

23   class may be certified under the facts alleged in the Complaint. *Walls*, *supra* 262 B.R. at 524.  To

24   maintain a class action, four elements must be met: (a) the class must be so numerous that joinder is

25   impracticable; (b) there must be questions of law or fact common to the class; (c) the claims or

26   defenses of the representative party must be typical of the claims or defenses of the class; and (d) the

27   representative party must fairly and adequately protect the interests of the class. FRCP 23(a). The

28   Plaintiff's Complaint sufficiently alleges all four required elements.

1  To survive a motion to strike, class allegations must put the defendant on notice that relief

2  is sought on behalf of a class and basically notify the defendant about the nature of that class *See*

3  *Johnson v. GMRI, Inc.* 2007 WL 963209 * 7 (E.D. Cal. 2007).  *Johnson* is instructive here.  There,

4  the defendants, represented by the firm representing Inter-Con here, moved to strike the class

5  allegations before the plaintiff moved for class certification.  The court denied the motion because the

6  allegations put the defendants on notice that relief was sought on behalf of a class and, basically, what

7  the nature of the class [was.]" *Id.* at *8.

8  Here, the Complaint puts the Defendants on notice that Plaintiff seeks relief on behalf of a

9  class.  The Complaint informs the Defendants of the nature of that class.  It further alleges that there

10  are questions of law and fact common to the class, and Plaintiff's claims are typical of those of the

11  class. Finally, it states that Plaintiff and her attorneys can adequately represent the interests of the

12  class. The allegations pled in the Complaint are more than sufficient to defeat Inter-Con's motion to

13  strike. Accordingly, the Court must deny Inter-Con's motion to strike the class allegations.

14  **a.    Numerosity**

15  The Complaint alleges that the class is so numerous that joinder is impracticable.  Complaint,

16  p. 18, ¶ 75.) The Complaint does not need to allege the precise number of class members, but may

17  instead make a reasonable estimate. *See Brosious v. Children's Place Retail Stores* 189 F.R.D. 138,

18  145  (D.N.J. 1999). Here, Plaintiff alleges that hundreds of individuals employed by the Defendants

19  during the last four years comprise the proposed class. (Complaint, p. 18, ¶ 75.)  This is sufficient to

20  meet the numerosity requirement, especially considering that numerosity is often presumed at a level

21  of forty class members.  *See, Krzesniak v. Cendant Corp.* 2007 WL 1795703 * 7 (numerosity

22  requirement met where plaintiff sough to certify a class of seventy-six people).

23  **b.    Commonality**

24  The Complaint alleges there are questions of law and fact common to the proposed class. *Id.*

25  at ¶ 76.  The existence of shared legal issues with divergent factual predicates is sufficient to establish

26  commonality, as is a common core of salient facts coupled with disparate legal remedies within the

27  class. *Hanlon v. Chrysler Corp.* 150 F. 3d 1011, 1019 (9th Cir. 1998) . Here, the Complaint alleges

28  the existence of both common facts and common legal remedies.

1    The Complaint sets forth several legal questions common to the proposed class, including,

2    among other things: whether the Defendants were obligated to pay class members overtime

3    compensation or premium pay for time spent working at multiple work-sites in a single day, whether

4    Defendants failed to keep records of the hours class members worked; and whether Defendants'

5    policy of failing to timely pay class members' wages was unlawful; and whether the Defendants'

6    conduct violated California's Unfair Competition Law. Complaint, p. 18, ¶ 76.

7        Further, the Complaint alleges the existence of a core of salient facts shared by the proposed

8    class, including class members' similar job duties, similar pay provisions, subjection to the

9    Defendants' policies that deprived the class members of overtime compensation and accurate pay

10   records. Complaint, p. 18, ¶ 77. These allegations are sufficient to show commonality.

11       **c.    <u>Typicality</u>**

12       The Complaint also alleges that Plaintiff's claims are typical of the claims of the proposed

13   class. *Id.* at ¶ 77. "Typicality refers to the nature of the claim. . . of the class representative, and not

14   to the specific facts from which it arose or the relief sought." *Hanon v. Dataproducts Corp.* 976 F.

15   2d 497, 508 (9th Cir. 1992). A representative's claims are "typical" if they are "reasonably co-

16   extensive with those of the absent class members; they need not be substantially identical." *Hanlon*,

17   *supra* 150 F. 3d at 1020 (representatives' claims typical where class action sought to obtain non-

18   defective rear latch for class of minivan owners and representatives owned minivans with defective

19   latches.) The fact that a class representative may not be entitled to all the remedies to which other

20   class members are entitled does not negate typicality.

21       Here, the claims Plaintiff alleges in the Complaint arise from the Defendants' failure to pay

22   overtime compensation, failure to pay wages when due, and failure to keep accurate pay records.

23   Complaint, p. 6 ¶ 21, p. 15 ¶ 53, p. 19 ¶ 77. The proposed class includes individuals who also have

24   claims arising from the Defendants' failure to provide overtime and premium pay, termination pay,

25   and adequate pay records. (*Id.* at pp. 17-20, ¶¶ 70-82.) The typicality requirement for a class action

26   is met where class representatives denied compensation seek to represent a class of employees

27   similarly denied compensation. *Wright v. Linkus Enterprises, Inc.* 2009 WL 2365436 * 4 (E.D. Cal.

28   2009) The fact that Plaintiff's claims initially belonged to her husband is irrelevant. As Khanna's

1  successor in interest, Plaintiff stepped into Khanna's shoes when Khanna passed away.  Accordingly,

2  the claims she asserts in the Complaint are the same as the claims of the class she seeks to represent.

3  As such, the Complaint sufficiently alleges typicality.

4       **d.**    <u>**Adequacy**</u>

5       To establish adequacy of representation, the plaintiff must show (1) that her interests are

6  common with, and not antagonistic to, the class's interests; and (2) that she is able to prosecute the

7  action through qualified counsel. *See Lerwill v. Inflight Motion Pictures, Inc.* 582 F. 2d 507, 512 (9th

8  Cir. 1978)

9       As alleged in the Complaint, Plaintiff will fairly and adequately represent the interests of the

10  class. Complaint, p. 19 ¶ 78. Plaintiff retained competent counsel with experience in complex/class

11  litigation, the FLSA, and state labor and employment law. *Id.* Further, there is nothing alleged in the

12  Complaint to indicate that Plaintiff's interests are antagonistic to the interests of the class. Her

13  interests are aligned with those of the class: to recover unpaid wages and damages arising from

14  Defendants' violations of state law.

15       Inter-Con's motion to strike the class allegations asks the Court to rule that a successor in

16  interest to a member of a proposed class cannot adequately represent the class *as a matter of law*.

17  Likewise, it asks the Court to hold - as a matter of law - that class representatives must have detailed

18  personal knowledge of a class's claim to represent the class. Because existing case law unequivocally

19  establishes that both successors in interest and class members without intimate knowledge of class

20  claims can adequately represent a class, Inter-Con cannot show that class certification is impossible

21  on the facts alleged in the Complaint.

22       Plaintiff's status as Khanna's successor in interest does not bar her from adequately

23  representing the class as a matter of law. Thus, the fact that Plaintiff inherited her claims from Khanna

24  does not make class certification impossible. Courts routinely certify class actions with successors

25  in interest, executors, and administrators serving as class representatives.  *See, e.g., Kaplan v.*

26  *Pomerantz* 131 F.R.D. 118 (N.D. Ill. 1990) (surviving spouse of stock purchaser deemed an adequate

27  representative on motion to certify class in securities fraud action); *Kromnick v. State Farm*

28  *Insurance Co.* 112 F.R.D. 124 (E.D. Pa. 1986) (administrators of insured individuals estate found

1 | to be adequate representative for class of individuals seeking payment of over-due work loss

2 | benefits); *Shamberg v. Ahlstrom* 111 F.R.D. 689 (D.N.J. 1986) (executors of deceased shareholder's

3 | estate deemed adequate representatives of class in action for violation of securities law); *see also*

4 | *Allen v. Holiday Universal* 249 F.R.D. 166, 186-87 (E.D. Pa. 2008) (holding that the administrator

5 | of deceased's estate could fairly and adequately represent the class's interests, despite little or no

6 | knowledge of the underlying facts); *cf. Cordes & Co. Financial Services, Inc. v. A.G. Edwards &*

7 | *Sons, Inc.* 502 F. 3d 91, 99-100 (2d Cir. 2007) ("We conclude that the subsequent assignment of their

8 | claims and interests in this litigation to [plaintiffs]. . . Did not deprive [plaintiffs] of the ability, as

9 | assignees, to continue to seek recognition as representatives of the class.")

10 |      Likewise, Plaintiffs do not need intimate knowledge of the facts underlying the class's claims

11 | to adequately represent the class. In *Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 366 (1966), the

12 | U.S. Supreme Court found that a defendant could not beat class certification even though the named

13 | plaintiff did not understand the complaint, could not explain the statements in the complaint, had little

14 | knowledge regarding what the lawsuit was about, did not know and of the defendants by name, and

15 | did not know the nature of the alleged misconduct. Since *Surowitz*, courts have routinely held that

16 | a proposed class representative's lack of personal knowledge does not render him or her an

17 | inadequate class representative.  *See, e.g., Park v. Ralph's Grocery Co.* 254 F.R.D. 112, 122  (C.D.

18 | Cal. 2008) ("Representative plaintiffs do not need to have intimate knowledge of the allegations.");

19 | *Stuart v. Radioshack Corp.* 2009 WL 281941 * 10 ([a]lthough [plaintiff's] lack of familiarity with

20 | the specific policies at issue is of concern, the Court still deems him an adequate representative.")

21 |      In fact, even the court in *Byes*, a case Inter-Con cites in its memorandum of points and

22 | authorities, recognized that lack of personal knowledge is not fatal to a plaintiff's ability to fairly and

23 | adequately represent a class. In *Byes,* the court found that the plaintiff's "lack of knowledge about

24 | the proceedings and facts <u>[was] not alone sufficient ground for finding that [plaintiff was] an</u>

25 | <u>inadequate representative</u>." *Byes*, *supra* 173 F.R.D. at 428 (emphasis added). Rather, the court held

26 | that the plaintiff's lack of knowledge, *combined* with her lawyer's failure to communicate with her

27 | (including failure to communicate settlement offers), her prior conviction for theft, and lawyer's

28 | submission of a false affidavit showed that the plaintiff and her attorneys could not adequately

1  represent the class. *Id.* at 428-29.

2         Contrary to Inter-Con's claims, Plaintiff's purported lack of knowledge regarding her claims

3  is not apparent on the face of the Complaint.  The allegations in the Complaint do not state that

4  Plaintiff is completely unaware of the circumstances giving rise to the claims she inherited as

5  Khanna's successor in interest. In fact, they show that Plaintiff does have knowledge of facts relevant

6  to the case.  The allegations in the Complaint establish that Plaintiff has knowledge of: Khanna's

7  employment with the Defendants[5]; the date his employment began[6] and ended; the hours of work

8  reflected on his pay records[7]; his general job duties[8]; and the hours he generally worked[9]. Even if the

9  Complaint did not contain such allegations, and Plaintiff did not have knowledge of such matters, that

10  lack of knowledge would not make it impossible to certify the class Plaintiff seeks to represent.

11  *Surowitz*, *supra* 383 U.S. at 366.  Accordingly, Plaintiff's purported lack of knowledge of the class

12  claims is not enough under FRCP 12(b)(6) to justify striking the class allegations.

13         The Court cannot rule that Plaintiff cannot adequately represent the proposed class as a matter

14  of law.  The Complaint states a claim on which a class action can be maintained: the Plaintiff seeks

15  to represent a class of individuals so numerous that joinder is impracticable, there are questions of

16  law and fact common to the proposed class; Plaintiff's claims are typical of those of the class; and

17  Plaintiff can adequately represent the interests of the class. Accordingly, the Court must deny Inter-

18  Con's motion to dismiss the class allegations and/or strike them from the Complaint.

19
20  **B.     PLAINTIFF HAS STANDING TO SUE BECAUSE SHE SUCCEEDED TO HER
       DECEASED HUSBAND'S CLAIMS.**

21         The defect permeating Inter-Con's motion is a mistaken presumption that Plaintiff cannot

22  bring causes of action against Inter-Con  because she  was never an Inter-Con employee.  As a

23  successor in interest to Khanna, who was an employee of the Defendants, Plaintiff steps into

24  _____

25  [5]Complaint, p. 6 ¶ 21.

26  [6]*Id.*

27  [7]*Id.* at ¶ 50.

28  [8]*Id.*

   [9]*Id.* at ¶ 51.

1  Khanna's shoes and is entitled to bring any action against the Defendants that Khanna could have

2  brought if he were alive.

3       Plaintiff is entitled to bring the instant action because she succeeds to her deceased husband's

4  claims.  A survival claim is a statutory cause of action, preventing the abatement of the decedent's

5  cause of action and providing for the enforcement of the claim by the successor in interest.  *San*

6  *Diego Gas & Elec. Co. v. Superior Court*, 146 Cal. App. 4th 1545, 1553 (2007).  Pursuant to Cal.

7  Code Civ. Proc. § 377.10(b) and Cal. Code Civ. Proc. § 377.60(a), Plaintiff has standing to maintain

8  this action, because she is Khanna's surviving spouse.  *Venerable v City of Sacramento*, 185 F.

9  Supp.2d 1128, 1130 (E.D. Cal. 2002).  Plaintiff's survivor claim is brought on behalf of her deceased

10  husband, not by Plaintiff as an individual party independent of her deceased husband's claims.  She

11  has a substantive due process constitutional right to bring this survivor's action against the

12  Defendants.  *Id.* at1129– 1131.

13       Khanna's claims for unpaid wages, damages and penalties survived his death.  Generally, and

14  unless otherwise prohibited by statute, death of a party does not abate a cause of action that survives

15  death.  Cal. Code Civ. Proc. § 377.20.  Causes of action for unpaid wages survive death.  *See County*

16  *of L.A. v. Superior Court* 981 P.2d 68, 75 (Cal. 1999) ["[U]nder California's survival law, an estate

17  can recover not only the deceased plaintiff's lost wages...but also punitive or exemplary damages."]

18  Accordingly, Khanna's claims for unpaid wages, including damages and penalties thereupon, passed

19  to his successor in interest, Plaintiff.  Cal. Code Civ. Proc. § 377.30.  As alleged in the Complaint,

20  Plaintiff fulfilled the requirements for those seeking to commence a cause of survivor action in

21  accordance with Cal. Code Civ. Proc. § 377.32.  See Docket Item # 3, Declaration of Shashi Khanna.

22       Plaintiff's California survival action may be brought in federal court.  According to the Ninth

23  Circuit, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a

24  particular state's law authorizes a survival action and that the plaintiff meets that state's requirements

25  for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't* 159 F.3d 365, 369 (9th

26  Cir. 1998).  As a general matter of law, the forum state's survival statutes are relied upon where

27  federal common law survival statutes are deficient.  *See, e.g., Robertson v. Wegmann*, 436 U.S. 584,

28  98 S. Ct. 1991 (1978); FRCP 17(b)(3): "Capacity to sue or be sued is determined ... by the law of

1  the state where the court is located."  Federal courts recognize that the substituted party "steps into

2  the same position as original party." *Hilao v. Marcos* 103 F.3d 762, 766 (9th Cir. 1996); *Veliz v.*

3  *Cintas Corp.* (N.D. Cal. Jul. 17, 2008) No. C 03-1180 RS, 2008 WL 2811171, at *1.

4        In a survival action, Plaintiff is entitled to all damages, including penalties, that the decedent

5  would have been entitled to if alive.  In a survivor's action pursuant to Cal. Code Civ. Proc. § 377.34,

6  "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred

7  before death, including any penalties or punitive or exemplary damages that the decedent would have

8  been entitled to recover had the decedent lived."  Cal. Code Civ. Proc. § 377.34; *County of Los*

9  *Angeles v. Superior Court,* 21 Cal.4th 292, 295 (1999).  Damages for pain and suffering, which are

10  not claimed here, are excluded from the damages that may be claimed in a survivor action.  *Id.*

11        As stated above, federal courts look to the survival provisions of the forum state when

12  determining survivor claims.  Plaintiff brings her action under California's survival statutes, and has

13  complied with the requirements for bringing such an action.  Inter-Con does not challenge Khanna's

14  standing to bring the identical claims that Plaintiff now brings.  Accordingly, Plaintiff is entitled to

15  bring her claim before this court.

16
17  **C.**      **PLAINTIFF IS ENTITLED TO BRING AN FLSA COLLECTIVE ACTION.**

18        As Khanna's successor in interest, Plaintiff is entitled to bring an FLSA collective action. A

19  deceased employee's right to reimbursement for unpaid compensation and liquidated damages under

20  the FLSA is his personal property, and survives to the administrator of his estate. *Fletcher v. Grinnell*

21  *Bros.* 64 F. Supp. 778, 780 (E.D. Mich. 1946); *see also Acebal v. United States,* 60 Fed. Cl. 551, 557

22  (2004) (holding that decedents' claims under the FLSA survive to the estate's representatives); 12

23  Am. Jur. 2d *Labor and Labor Relations* § 3314 (2009); *cf County of Los Angeles v. Superior Ct.*,

24  supra 21 Cal. 4th at 304 (noting that wage claims survive death in California).

25        Inter-Con bases its opposition to the collective action allegations on the faulty assumption that

26  Plaintiff, as Khanna's successor in interest, stands in the same position as an organization representing

27  Defendants' employees.   As a result, Inter-Con relies exclusively on cases involving labor

28  organizations pursuing representative actions. Mem. Supp. Motion to Strike, pp. 8-9 (*citing United*

1   *Food & Commercial Workers Union, Local 1564 of N.M. v. Albertson's, Inc.* 207 F.3d 1193, 1201

2   (10th Cir. 2000) (grocery store employees' union); *State of Nev. Employees' Assn. v. Bryan* 916 F.

3   2d 1384 (9th Cir. 1990) (state employees association); *DeBraska v. City of Milwaukee* 11 F. Supp.

4   2d 1020 (7th Cir. 1999) (police union). Inter-Con's reliance of these cases is misplaced.

5      Plaintiff is not a labor organization, and her stake in the litigation is different than that held

6   by the organizations in the cases Inter-Con cites. Unlike the Plaintiff, those organizations had no claim

7   to pursue under the FLSA. Rather, they sought relief for claims of other people (i.e. their members)

8   – often without the consent of those people. *See, e.g., State of Nev. Employees' Assn. v. Bryan* 916

9   F. 2d at 1391 ("[N]o other members of SNEA filed consent forms..."). Allowing organizations to sue

10  on behalf of members is problematic because they could settle members' claims for substantially less

11  than they are worth, against the members' will. That problem is not present here.

12     As discussed above, Khanna's FLSA claim belongs to the Plaintiff.   Unlike a labor

13  organization, therefore, Plaintiff is not pursuing someone else's claim – she is pursuing her own. Her

14  right to bring this claim is a settled point of law. *See Veliz v. Cintas* 2008 WL 2811171 * 2 (deceased

15  employee's successor in interest was a proper party for FLSA suit); *Fletcher*, 64 F. Supp. at 779

16  (administrator of decedent's estate could bring FLSA action).

17     Further, Plaintiff is entitled to bring her FLSA claim on behalf of herself and other similarly

18  situated employees.  To demonstrate that sufficient similarity exists between Plaintiff's claims and the

19  claims of other potential plaintiffs, all that is needed are allegations showing the putative "class"

20  members were harmed by the same decision, policy, or plan. *Barrus v. Dick's Sporting Goods, Inc.*

21  465 F. Supp. 2d 224, 229; *Sherrill v. Sutherland Global Services, Inc.* 487 F. Supp. 2d 334, 348.

22     Here, Plaintiff brings a collective action for unpaid overtime.   Complaint, p. 100.   The

23  Defendants had a policy of withholding employees' overtime compensation by representing that the

24  hours employees worked each pay period were split between two purportedly independent employers.

25  *Id.* at 56. Plaintiff is the successor in interest to an employee affected by this policy. *Id.* at ¶ 2. As

26  such, she is similarly situated to other employees affected by it. Accordingly, Plaintiff is entitled to

27  maintain a collective action on behalf of herself and all employees affected by the Defendants' policy.

28

1  Plaintiff is entitled to bring the FLSA action as Khanna's successor in interest.  Because the

2  FLSA action arose from the Defendant's policy of depriving employees of overtime compensation,

3  she may bring it as a collective action on behalf of other employees affected by the same policy.

4  Accordingly, the Court must deny Inter-Con's motion to strike the collective action allegations from

5  Plaintiff's Complaint.

6
7  **D.    BECAUSE PLAINTIFF HAS STANDING TO BRING A PAGA CAUSE OF ACTION, THE COURT MUST DENY INTER-CON'S MOTION TO STRIKE THE SIXTH CAUSE OF ACTION.**

8
9  As stated above, Plaintiff succeeds to her Khanna's claim as his successor in interest under

10  Cal. Code of Civ. Proc. § 377.24.   There can be no dispute that, while alive, Khanna was an

11  "aggrieved employee" entitled to bring a cause of action under Labor Code § 2698 *et seq.* for

12  penalties.  As successor in interest, Plaintiff inherited Khanna's right to bring a PAGA claim, to the

13  same extent that Khanna could have if alive.

14  Inter-Con's attack on Plaintiff's right to bring a PAGA claim suffers from the same failure to

15  distinguish between "representatives" and "successors in interest" that is fatal to its arguments

16  regarding Plaintiff's right to bring an FLSA action.   Plaintiff does not bring her claim under

17  "associational standing", as Inter-Con alleges[10], or under any standing whereby the aggrieved

18  employee assigned or transferred his right to sue to his successor in interest.  In fact, pursuant to

19  *Arias v. Superior Ct.* 46 Cal. 4th 969 (2009), Plaintiff does not even have to satisfy the requirements

20  for a class action to bring PAGA claims. That Plaintiff designates herself as a "representative plaintiff"

21  in the Complaint is neither an admission of such assignment, nor a waiver of her right to bring a cause

22  of action on behalf of her deceased husband as a successor in interest.

23  The court in *Amalgamated* held that the party bringing a PAGA action must have suffered

24  'injury in fact.'"  *Amalgamated Transit Union v. Super. Ct.* 46 Cal.4th 993 (2009).  Since Plaintiff

25  succeeds to her deceased husband's claims, she may claim her deceased husband's "injury in fact" as

26  his successor in interest.  Plaintiff's succession to her deceased husband's interest operates as a

27  statutory law governing survival actions. Contrary to Inter-Con's argument, Plaintiff does not bring

28

[10]Mem. Supp. Motion to Strike, p. 15.

1  her PAGA claim on the basis that her husband assigned his claims to her, or through "associational

2  standing." Inter-Con's argument is irrelevant. Plaintiff, on behalf of and as successor in interest to

3  her husband, may bring a PAGA claim as an "aggrieved employee". Consequently, the Court must

4  deny Inter-Con's motion to strike Plaintiff's PAGA claim.

5

6  **E.     THE COURT MUST NOT STRIKE PLAINTIFF'S PRAYER FOR INJUNCTIVE
        RELIEF BECAUSE PLAINTIFF IS ENTITLED TO SUCH RELIEF.**

7         Inter-Con's motion to strike Plaintiff's request for injunctive relief must be denied because

8  Plaintiff has standing to request such relief. As stated above, Plaintiff succeeds to her deceased

9  husband's claims, and therefore is entitled to seek all relief her husband could have sought had he

10  been alive. Inter-Con's motion ignores Plaintiff's status as successor in interest to Khanna, who was

11  entitled to request injunctive relief himself. As a matter of law, Plaintiff is entitled to bring an action

12  as successor in interest to her deceased husband's claims.

13         Since Inter-Con's argument fails as a matter of law, Inter-Con attempts to assert that, as a

14  practical matter, injunctive relief should not be granted. However, Inter-Con's cited authority, *Walsh*

15  *v. Nevada Dep't of Human Resources*, 471 F.3d 1033 (9th Cir. 2006), is irrelevant to this case. In

16  *Walsh*, the Ninth Circuit denied a  single plaintiff's request for injunctive relief because the single

17  plaintiff no longer worked for the employer, and did not exhibit any interest in returning to work for

18  the employer. 471 F.3d at 1037. In the instant proceedings, Plaintiff succeeds to her husband's

19  claims, who was a current employee at the time of his death. Furthermore, the California class, and

20  the FLSA collective upon whose behalf Plaintiff brings her claim comprise both current and former

21  employees still subject to the Defendants' unlawful practices. As Inter-Con's own cited authority

22  recognizes, injunctive relief is available even to non-employees in some instances, for example where

23  the former employee were seeking employment from the defendant employer. *Id.* (*citing Freitag v.*

24  *Ayers*, 468 F.3d 528 (9th Cir.2006) and *Nanty v. Barrows Co.*, 660 F.2d 1327 (9th Cir.1981)).

25  Injunctive relief is intended to prevent defendants from causing injury to those current and

26  prospective employees through those unlawful practices.

27         For these reasons, Plaintiff has standing to seek injunctive relief as successor in interest to her

28  deceased husband, and on behalf of class and collective action members currently subject to the

1    Defendants' unlawful practices. Accordingly, the Court must deny Inter-Con's motion to strike

2    Plaintiff's request for injunctive relief.

3

4    **F.      PLAINTIFF IS ENTITLED TO RESTITUTION OF UNPAID WAGES UNDER
             BUS. & PROF. CODE § 17200**

5         The California Supreme Court has repeatedly acknowledged that employees can recover

6    unpaid wages under Bus. & Prof. Code § 17200.  Accordingly, the Court must deny Inter-Con's

7    motion to strike Plaintiff's fifth cause of action seeking unpaid wages under Bus. & Prof. Code    §

8    17200.

9         **1.      Wages are Recoverable Under Bus. & Prof. Code § 17200**

10        The Court must deny Inter-Con's motion to strike Plaintiff's because wages are indisputably

11   recoverable under Bus. & Prof. § 17200.  Inter-Con all but concedes this fact, stating "in *Cortez v.*

12   *Purolator Air Filtration Products Co.,* the court held that because earned wages constituted the

13   property of the employee (*e.g.,* hours of overtime which the which the employer received the benefit

14   of the employee's work without pay), the employee may sue under Section 17200 to have that

15   property returned.  23 Cal. 4th 163, 177-78 (2000)."  (*See,* Def's P's and A's at 12.)

16        Inter-Con does not, and cannot, distinguish the instant case from *Cortez.*  Instead, Inter-Con

17   simply misconstrues the holding in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134

18   (2003).  That case is in applicable here.

19        In *Korea Supply Co.,* the California Supreme Court dealt with a section 17200 claim seeking

20   disgorgement of the profits the defendant ("Lockheed") made on a contract it won from Korean

21   government. *Id.* at 1140.   The plaintiff, Korea Supply Co. ("KSC") represented MacDonald

22   Dettwiler, Lockheed 's competitor during the contract negotiations *Id.* at 1141. KSC stood to make

23   a thirty percent commission on the contract if Korea awarded it to Macdonald Dettwiler. After the

24   contract was awarded, it was revealed that Lockheed won the contract by offering bribes and sexual

25   favors to government officials.  KSC sought disgorgement of the profits Lockheed earned through

26   on the contract, as well as "restitution" for the commission it would have earned if MacDonald

27   Dettwiler won the contract .  *Id.* at 1144.

28        The Court ruled that KSC was not entitled to Lockheed's profits because "the money sought

1   to be disgorged was not taken from plaintiff and plaintiff did not have an ownership interest in the

2   money." *Id.*   In so doing, the Court distinguished the plaintiff's claim for Lockheed's profits from

3   the claim for wages in *Cortez,* affirming that wages were recoverable because wages, "are as much

4   the property of the employee who has given his or her labor to the employer in exchange for that

5   property as is property a person surrenders through an unfair business practice." *Id.* at 1149.

6         Here, Plaintiff seeks unpaid wages, not speculative expectation damages or a third party's

7   profits.  As set forth in *Cortez,* "orders for payment of wages unlawfully withheld from an employee

8   are also a restitutionary remedy authorized by section 17203." 23 Cal. 4th at 177.

9         **2.**    **Plaintiff's Unpaid Wages are Quantifiable**

10        Unpaid wages are clearly quantifiable.  *Korea Supply Co.*, on which Inter-Con seeks to rely

11  expressly distinguished unpaid wages, which are quantifiable, from the unquantifiable damages KSC

12  sought.  *Id.* at 1150 (stating that "unlike *Cortez,* the monetary relief requested by KSC does not

13  represent a quantifable sum..." (emphasis added)). Given this, it is unclear why Inter-Con believes

14  *Korea Supply Co.* offers any support for the notion that unpaid wages are not recoverable.

15        By claiming the Plaintiff is required to quantify damages in the Complaint, Inter-Con asks  the

16  Court to forego the discovery process.  Plaintiff has no obligation to reduce its claim for unpaid

17  wages to an actual dollar amount in her Complaint.  *See e.g.* FRCP 8(a); *In re Boland,* 79 F.R.D.

18  665, 668 (D.C.D.C 1978) (holding that  complaint  need  contain only most basic grounds upon

19  which court's jurisdiction is based, and a short statement of the claim and relief sought).  Further, it

20  is fundamentally inequitable for Inter-Con to ignore its record keeping requirements, refuse to provide

21  required wage statements, and then, with unclean hands, demand the Plaintiff  state the exact amount

22  owed before she can obtain work and pay records.

23        It is indisputable that unpaid wages are recoverable as restitution. These wages are certainly

24  quantifiable.  Inter-Con offers no authority to the contrary.

25        **3.**    **Plaintiff Does Not Seek Restitution of Penalties under Bus. & Prof. Code § 17200**

26        Plaintiff readily concedes that penalties for the Labor Code violations alleged in her Complaint

27  are not recoverable as restitution under Bus. & Prof. Code § 17200. But the Complaint does not seek

28  restitution of penalties in its cause of action under Bus. & Prof. Code § 17200.  Thus, while Inter-

---

1   Con's straw man argument regarding penalties under Bus. & Prof. Code § 17200 is irrelevant; there

2   is nothing to strike from the Complaint. Accordingly, the Court must deny Inter-Con's motion to

3   strike the non-existent request for penalties under Bus. & Prof. Code § 17200 from the Complaint.

**G.   INTER-CON'S MOTION TO STRIKE ALLEGATIONS AS TO INDIVIDUALLY NAMED DEFENDANTS SHOULD BE DENIED.**

6   Inter-Con is not entitled to move for an order striking allegations set forth against the other

7   named Defendants in this case. And even if it was, there are no grounds for striking those allegations

8   from the Complaint.

**1.   Inter-Con Lacks Standing to Bring a Motion on Behalf of the Named Individual Defendants.**

11   Inter-Con does not have standing to bring a motion on behalf of parties it does not represent.

12   Inter-Con makes explicit effort to note that the individual defendants in this case have not yet been

13   served, going so far as to challenge, by footnote, Plaintiff's service of summons upon them. Mem.

14   Supp. Motion to Strike p. 2, fn 1. The allegedly un-served individual defendants' appearance by

15   footnote in Inter-Con's pleading cannot procedurally be considered a proper appearance before this

16   Court.[11] Accordingly, Inter-Con lacks standing to bring a motion on behalf of unrepresented, and

17   allegedly un-served, parties.

18   "[T]he question of standing is whether the litigant is entitled to have the court decide the

19   merits of the dispute or of particular issues." *Warth v. Seldin* 422 U.S. 490, 498, 95 S. Ct. 2197, 2205

20   (1975). The question of standing is ruled, in part, by the prudential limitation that "...bars litigants

21   from asserting the rights or legal interests of others in order to obtain relief from injury to

22   themselves." *Id.* at 509. This prudential limitation is known as the "third-party standing" rule. *Hilton*

23   *v. Hallmark Cards* 2009 WL 2710225, at *14 (9th Cir. 2009) ("a party normally cannot raise claims

---

[11] The individually-named defendants have not appeared in this Court by way of Inter-Con motion to strike. A filing of a motion to strike (motion to dismiss) by one defendant (Inter-Con) does not entitle another defendant to an automatic extension of the time in which to answer under Rule 12. The individually-named defendants are not relieved of their obligation to appear or to answer. *Hanley v. Volpe*, 48 F.R.D. 387 (ED Wis., 1970). Furthermore, the individually-named defendants have waived all claims regarding insufficient service. Rule 12(h). *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 68 (1st Cir. 2003). This motion to strike is not a proper "omnibus" Rule 12(b)(2) motion. *Pusey v. Dallas Corp.*, 898 F.2d 498 (4th Cir. 1991).

1  that belong to a third party"); *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin County* 115 F.3d

2  1372, 1379 (8th Cir. 1997); *Massey v. Helman*  196 F.3d 727, 739 (7th Cir. 1999) ("Among these

3  prudential restrictions is the general rule that a litigant must assert his own legal rights and cannot

4  assert the legal rights of a third party.") The third-party standing limitation "...flows from a concern

5  that third parties will not adequately represent the individuals whose rights they seek to vindicate."

6  *Retired Chicago Police Ass'n v. City of Chicago.* 76 F.3d 856, 862 (7th Cir. 1996).

7        As stated in Inter-Con's moving papers, Inter-Con has taken no such action, and indeed,

8  alleges that service upon the individual defendants has not been completed.  In fact, the basis for

9  Inter-Con's motion is that "Inter-Con anticipates that the individual defendants will move the Court

10 for the same relief requested in this motion."  Mem. Supp. Motion to Strike p. 2, fn 1.  Inter-Con's

11 speculation of what arguments might be anticipated by the individual defendant's nonexistent counsel

12 is no basis upon which to make a motion. And having disavowed representation, Inter-Con may not

13 now move to dismiss, strike or request this Court take any action affecting the individual defendants'

14 rights.  Inter-Con lacks the standing necessary to represent parties whom the moving party does not

15 purport to represent.  Inter-Con's motion seeking to strike allegations as to individual defendants

16 should be denied because Inter-Con cannot move this Court perform any action on the individually-

17 named Defendants' behalf.

18

19 **2.   Inter-Con's Motion to Strike Allegations Against the Individually-Named Defendants is Premature**.

20       Assuming, for the sake of argument, that Inter-Con may bring a motion on behalf of

21 unrepresented parties not properly before this Court, Inter-Con's motion is premature. Inter-Con has

22 not established that the individually-named defendants' actions and omissions alleged in the Complaint

23 occurred only to while those defendants acted as corporate agents for Inter-Con.   Individual

24 corporate agent liability may be found where corporate agents acted tortiously, or where the potential

25 injustice that would result if the corporate illusion were maintained, required that the corporate veil

26 be pierced. *Reynolds v. Bement* 36 Cal.4th 1075 (2005).  As alleged in the Complaint, a core issue

27 is the extent to which Inter-Con Security Systems Inc. engaged in a scheme by which it purposefully

28 and fraudulently represented to the Plaintiffs that Inter-Con Security Systems Inc. and Healthcare

1   Security Services Group were independent entities for purposes of avoiding paying Plaintiffs overtime

2   compensation.  *Complaint*, p. 4 ¶ 12.  Inter-Con neither affirms nor denies whether Healthcare

3   Security Services Group is an alter ego, D/B/A, subsidiary, division, or subpart of Inter-Con.  To the

4   extent Inter-Con chooses to obfuscate the corporate structure maintained by Inter-Con Security

5   Systems Inc. and Healthcare Security Services Group, and to the extent that the parties will not know

6   the corporate structure of both either putative entity until discovery is conducted, Inter-Con's motion

7   to strike as to individual defendants is premature.

8
    **3.    The Court Must Deny Inter-Con's Motion to Strike Plaintiff's Second, Third and**
9          **Fourth Causes of Action Because Individuals can be Personally Liable for Violations**
           **of the FLSA and California Labor Code**.
10

11          Inter-Con's motion does not ask the Court to strike or dismiss Plaintiff's FLSA claims against

12  the individually-named Defendants. Nor can it, since the Ninth Circuit recognizes individual liability

13  is available under the FLSA. *Boucher v. Shaw* 572 F. 3d 1087 (9th Cir. 2009). It is well settled that

14  the Fair Labor Standards Act considers corporate agents to be "employers".  Under the FLSA, the

15  definition of "employer" includes "any person acting directly or indirectly in the interest of an

16  employer in relation to an employee."  29 U.S.C. § 203(d).

17          Courts routinely find corporate officers liable as "employers" under the FLSA. *Exime v. E.W.*

18  *Ventures, Inc.*, 591 F. Supp. 2d 1364, 1376 (S.D. Fla. 2008); *Marchak v. Observer Publications,*

19  *Inc.*, 493 F. Supp. 278 (D.R.I. 1980) ("...the Court simply points out that officers of corporations are

20  routinely held to be 'employers' within the meaning of the FLSA and thus proper parties in actions

21  for unpaid wages and overtime compensation.") (*citing Marshall v. Sam Dell's Dodge Corp.*, 451

22  F.Supp. 294, 296 (N.D.N.Y.1978); *Shultz v. Clay Transfer Co.*, 50 F.R.D. 480, 481 (E.D.N.C.1970);

23  *Goldberg v. Saf-T-Clean, Inc.*, 209 F.Supp. 343, 345 (S.D.Fla.1962)).  The applicable test of what

24  is an "employer" under the FLSA is the "economic realities test".  *Goldberg v. Whitaker House*

25  *Co-op., Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 936 (1961).

26          Likewise, the California Labor Code reaches corporate agents.  In *Reynolds*, the Court makes

27  specific reference to Labor Code § 558, which imposes upon liability "[a]ny employer or other person

28  acting on behalf of an employer..." who violates any portion of that section, including § 510, its

1   overtime pay provisions, or any provision of the Industrial Welfare Commission orders.   That

2   corporate agents acting on behalf of the corporation may be held personally liable for acts committed

3   in the course of their corporate duties is repeated in other cases cited by Inter-Con.  *Bradstreet v.*

4   *Wong* 161 Cal.App.4th 1440, 1451 (2008); *Jones v. Gregory*, 137 Cal. App. 4th 798, 810 (2006);

5   *Reynolds*, 36 Cal.4th at 1094.  Since Plaintiff has alleged the Defendants violated Labor Code § 558,

6   individual liability is available here.  Complaint, ¶¶ 103 *et seq.*

7       Corporate agents may be held personally liable, and may be pursued under the scenarios

8   described above.  For these reasons, the Court must deny Inter-Con's motion to strike Plaintiff's

9   allegations against the individually-named Defendants.

10   **4.**    **Plaintiff Successfully Served the Individually-Named Defendants**.

11       Inter-Con's attempt, via footnote[12], to quash service on the individually-named Defendants

12   is procedurally defective because Inter-Con does not have standing to challenge service on other

13   parties. Out of an abundance of caution, and without waiving Plaintiff's challenge of Inter-Con's

14   motion on procedural grounds, Plaintiff addresses Inter-Con's argument regarding service.

15       Inter-Con acknowledges that Plaintiff's process server made three attempts (on August 31,

16   2009, on September 1, 2009 and on September 2, 2009) to serve upon the named individual

17   defendants. *See* Decl. of Jennifer Oh, Exh. "A."  Thereafter, the process server left the summons and

18   complaint with the Inter-Con agent, a paralegal, who accepted service for the individual defendants.

19   *Id.*  Of particular note is that Inter-Con's security personnel physically stopped the process server

20   from personally serving the summons and complaint to the various individual defendants. *Id.*  The

21   summons and complaints were thereafter mailed to the individual defendants, and service was

22   complete and effective 10 days after the mailings.  Cal. Code of Civil Procedure § 415.20(b); FRCP

23   Rule 4(e)(1).

24       Prohibiting the process server from personally serving the individually-named Defendants was

25   an intentional interference with the process of the Court, and Inter-Con cannot now complain that

26   the service on the individual defendants was defective. A defendant is not permitted to defeat service

27   by rendering physical service impossible.  *In re Ball*, 2 Cal. App. 2d 578 (1934); *Khorrie, Crew &*

28

---

[12]*See* Mem. Supp. Motion to Strike p. 2, fn 1.

1    *Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013-1014 (1990). Service was valid under California

2    law, as authorized under Rule 4(e)(1).

3          In addition, the Cal. Code of Civil Procedure § 415(b) statute authorizing substitute service

4    in lieu of personal delivery is be "liberally construed to effectuate service" and to uphold jurisdiction

5    if actual notice has been received by the defendant. *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App.

6    4th 1387, 1392 (1992); *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001).   Consequently, service

7    on the individual defendants was proper and effective, and Inter-Con's Footnote No. 1 arguments

8    should be disregarded by the Court.

9          Lastly, dismissals for defects in the form of the summons and/or for insufficient service are

10    generally disfavored. *U.S.A. Nutrasource, Inc. v. CNA Insurance Co.*, 140 F. Supp.2d 1049, 1052-

11    1053 (NDCA 2001).  There has been no prejudice to the individual defendants, and they have in fact

12    been properly served in this action.  This type of motion to dismiss must be made with specificity and

13    must adequately describe any prejudice suffered by the defendant, and Footnote No. 1 fails to meet

14    these tests.   *O'Brien v. R. J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir., 1993).

15          Whether the individually named defendants were properly served or not, Inter-Con brings its

16    motion only on behalf Inter-Con Security Systems Inc. It does not purport to represent the individual

17    defendants.  Accordingly, Inter-Con lacks standing to bring the instant motion on behalf of parties

18    it does not represent.

19                                     **IV.**

                            **CONCLUSION**

20

21          For the foregoing reasons, Plaintiff respectfully asks the Court to deny Inter-Con's motion

     to strike/dismiss in its entirety.

22

23    Dated: October 9, 2009              **MASTAGNI HOLSTEDT AMICK**

                                  **MILLER & JOHNSEN**

24

25                             By:_____/s/ David E. Mastagni_____

26                                DAVID E. MASTAGNI, ESQ.

                               Attorney for PLAINTIFFS

27

28

---

OPPOSITION TO MOTION TO STRIKE                       24                      KHANNA V. INTER-CON, et al.

CASE NO. 2:09-CV-02214-GEB-GGH