```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
```

SHASHI KHANNA, suing individually   )
and as Successor in Interest of     )
Amankumar Khanna, deceased, by and  )   2:09-cv-2214-GEB-GGH
on behalf of Amankumar Khanna, all  )
others similarly situated, and the  )   ORDER GRANTING IN PART AND
general public,                     )   DENYING IN PART DEFENDANT
                                    )   INTER-CON SECURITY SYSTEMS,
              Plaintiffs,           )   INC.'S MOTION TO STRIKE, OR
          v.                        )   ALTERNATIVELY, DISMISS[*]
                                    )
INTER-CON SECURITY SYSTEMS, INC., a )
California Corporation D/B/A        )
HEALTHCARE SECURITY SERVICES GROUP, )
a putative independent entity;      )
ENRIQUE HERNANDEZ, JR., an          )
individual; NEIL MARTAU, an         )
individual; LANCE MUELLER, an       )
individual; ROLAND A. HERNANDEZ, an )
individual; PAUL R. MILLER, an      )
individual; MICHAEL P. MACHARG, an  )
individual; JEANNE GERVIN, an       )
individual; MICHAEL SUTKAYTIS, an   )
individual; JANA FANNING, an        )
individual; BRITTANY MOORE, an      )
individual; CATHERINE ROSS, an      )
individual; LINDA SAYAD, an         )
individual; MARK CHAMBERLAIN, an    )
individual; and JAMES LATHAM, an    )
individual,                         )
                                    )
              Defendants.           )
_____)

        On September 22, 2009, Defendant Inter-Con Security Systems, Inc.
("Inter-Con") filed a motion to strike, or alternatively, dismiss
certain allegations, causes of action and forms of relief sought by

_____
        [*] This matter is deemed suitable for decision without oral
argument.  E.D. R. 78-230(h).

                                    1

Plaintiff Sashi Khanna ("Plaintiff") in her complaint. (Docket No. 22.)

## I.  Background

On August 11, 2009, Plaintiff, on behalf of, and as the successor in interest to, her deceased husband, Amankumar Khanna ("Khanna"), filed a complaint against Inter-Con, Healthcare Security Systems Group ("Healthcare Security") and fourteen named individual defendants, in which she alleges claims under both federal and California wage laws. (Docket No. 1.) Khanna, who died on October 10, 2008, was employed by Defendants as a security officer. (Compl. ¶ 21.)

Plaintiff's federal and state law claims stem from Plaintiff's allegation that "[Inter-Con] engaged in a scheme to misrepresent itself as two separate and independent employers based on the customer for whom [Inter-Con] assigned its employees to provide security services . . . [for the purpose of] avoid[ing] its obligations under the [Fair Labor Standards Act] and California law to provide overtime compensation, and other statutory work place protections." (Compl. ¶ 12.) Plaintiff alleges her federal claim as a collective action under the Fair Labor Standards Act ("FLSA") and her state law claims as a class action under Federal Rule of Civil Procedure 23.

Defendant Inter-Con moves to strike, or alternatively, dismiss various parts of Plaintiff's complaint. Specifically, Inter-Con moves to strike or dismiss Plaintiff's class and collective action allegations, her sixth cause of action under the California Labor Code Private Attorneys General Act of 2004, her prayer for injunctive relief, the relief requested in her fifth cause of action under California Business & Professions Code Section 17200 *et seq.*, and her

claims against the individual defendants included in her second, third, fourth and fifth causes of action.

## II. Legal Standards

### A. Motion to Strike

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("Rule 12(f)"). "The function of a [Rule 12(f)] motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Johnson v. GMRI, Inc., 2007 WL 2462101, at *2 (E.D. Cal. Aug. 27, 2007)(quoting SidneyVinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983))(quotations omitted). "However, because of the limited importance of pleadings in federal matters, motions to strike are generally disfavored." Hibbs-Rines v. Seagate Technologies, LLC., 2009 WL 513496, at *2 (N.D. Cal. Mar. 2, 2009). Accordingly, Rule 12(f) "[m]otions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609, 614 (N.D. Cal. 2007)(quotations omitted).

### B. Motion to Dismiss

Granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 (2007). For

purposes of a Rule 12(b)(6) motion, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." Navarro, 250 F.3d at 732.

### III. Discussion

#### A. Plaintiff's Class Action Allegations

Plaintiff alleges her state law claims under the California Labor Code and California Business and Professions Code § 17200 *et seq.*, as a class action. The class Plaintiff seeks to represent includes "all non-exempt security guards or security officers who are currently employed or have been employed by [Defendants] . . . within the State of California who at any time four (4) years prior to the filing of this lawsuit and who in the aggregate worked more than 8 hours in a day or 40 hours in a week for these [Defendants] without being compensated at the proper premium or overtime rate" (the "California Class" or "California Class Members"). (Compl. ¶ 71.)

Inter-Con argues Plaintiff's class action allegations should be stricken or dismissed because Plaintiff is not an adequate representative as required under Federal Rule of Civil Procedure 23(a)(4) due to her "lack of any personal knowledge of the conduct underlying the claims she purports to bring." (Mot. to Strike or Dismiss ("Mot. to Strike") 6:18-19.) Plaintiff rejoins that Inter-Con's motion is premature, Inter-Con has not demonstrated that class certification is impossible, and Plaintiff's "purported lack of knowledge of the facts underlying the class's claims is not enough under [Rule] 12(b)(6) to justify striking the class allegations." (Opp'n. 5-8, 10-12.)

While "class allegations may be stricken at the pleading stage, the granting of motions to dismiss class allegations before discovery

1  has commenced is rare.  Indeed, while there is little authority on
2  this issue within the Ninth Circuit, decisions from courts in other
3  jurisdictions have made clear that dismissal of class allegations at
4  the pleading stage should be done rarely and that the better course of
5  action is to deny such a motion because the shape and form of a class
6  action evolves only through the process of discovery." In Re Wal-
7  Mart, Inc. Wage and Hour Litigation, 505 F.Supp.2d 609, 615 (N.D. Cal.
8  2007)(quotations omitted).  "[A] motion for class certification is a
9  more appropriate vehicle for arguments about class propriety." Hibbs-
10 Rines v. Seagate Technologies, LLC., 2009 WL 513496, at *3 (N.D. Cal.
11 Mar. 2, 2009)(quotations omitted).

12       For the purposes of this motion, Inter-Con does not dispute that
13 "Khanna's wage claim survives his death" and, as his successor in
14 interest, "Plaintiff has the right to sue" on his behalf.  (Reply
15 1:9.)  Instead, "Inter-Con challenges . . . Plaintiff's entitlement to
16 sue to recover on behalf of other Inter-Con employees."  (Id. 1:12-
17 13.)

18       Inter-Con's motion to strike or dismiss Plaintiff's class action
19 allegations is premature since discovery had not commenced when the
20 motion was filed and no motion for class certification had been filed.
21 See Hibbs-Rines, 2009 WL 513496, at *3.  Further, Inter-Con has not
22 shown why "Plaintiff should [not] be permitted to conduct some
23 discovery before the Court rules on the propriety of the class
24 allegations." Id.  See also In Re Wal-Mart, 505 F.Supp.2d at 615-16
25 (denying as premature, motion to strike class allegations at pleading
26 stage).  Therefore, this portion of the motion is denied.
27 ///
28 ///

B. <u>Plaintiff's Collective Action Allegations</u>

Inter-Con also argues Plaintiff's collective action allegations should be stricken, arguing Plaintiff cannot bring a FLSA collective action because she is not "'similarly situated' to actual employees" and the "FLSA does not support an action by a representative, non-employee plaintiff." (Reply 7:19-20; Mot. to Strike 8:9-10.) Plaintiff counters as "the successor in interest to an employee affected by" Defendants' allegedly illegal compensation policy, "she is similarly situated to other employees [of the Defendants] . . . and [a]ccordingly, [she] is entitled to maintain a collective action on behalf of herself and all employees affected by the Defendants' policy." (Opp'n. 15:22-27.)

Plaintiff alleges in her FLSA claim that Defendants "violated and continue to violate the FLSA . . . including 29 U.S.C. §§ 207(a)(1) and (215)(a), by failing to pay [Khanna] and FSLA Class Members at one-and-a-half times their regular rates of pay for all hours actually worked in excess of forty (40) in a workweek for Defendants." (Compl. ¶ 93.) Plaintiff seeks to bring her FLSA claim as an "opt-in" collective action under 29 U.S.C. § 216(b), on behalf of all "non-exempt security guards or security officers [who] performed an aggregate of more than 40 hours of security related work for [Defendants Inter-Con and Healthcare Security], in any work week without receiving overtime compensation for all aggregate hours worked in excess of 40 during the three years preceding the filing of [the] complaint" (the "FLSA Class" or "FLSA Class Members"). (Compl. ¶¶ 60, 64.) Plaintiff's complaint alleges "[Khanna] and FLSA Class Members are similarly situated" as they were "subject to [Inter-Con's] common practice, policy, or plan of failing to compensate [Khanna] and FLSA

6

1  Class Members for all hours worked and refusing to pay overtime in
2  violation of the FLSA." (Compl. ¶ 63.)
3      Section 216(b) ("Section 16(b)") of the FLSA provides that "[a]n
4  action to recover the liability prescribed . . . may be maintained
5  against any employer . . . by any one or more employees for and in
6  behalf of himself or themselves and other employees similarly
7  situated." 29 U.S.C. § 216(b). However, "[s]ection 16(b) of the
8  [FLSA] . . . no longer permits an employee or employees to designate
9  an agent or representative (other than a member of the affected group)
10 to maintain, an action for and in behalf of all employees similarly
11 situated." 29 C.F.R. § 790.20. See also State of Nevada Employee's
12 Ass'n, Inc. v. Bryan, 916 F.2d 1384, 1391-92 (9th Cir. 1990)(holding
13 state employee association could not maintain representative action
14 under Section 16).
15     Inter-Con concedes for purposes of this motion that Khanna's wage
16 claims survive his death and Plaintiff, as his successor in interest,
17 has the right to bring his claims. (Reply 1.)  This concession
18 renders unpersuasive, Inter-Con's argument that Plaintiff's position
19 is similar to that of an organization seeking to bring a
20 "representative suit."  Inter-Con has not demonstrated that Khanna's
21 claims are not "similarly situated" to the claims of the proposed FLSA
22 Class Members.  Moreover, Inter-Con's motion to strike is premature as
23 Plaintiff has not yet filed a motion for conditional certification.
24 Therefore, Inter-Con's motion to strike the collective action
25 allegations is denied.
26         C.   Plaintiff's Request for Civil Penalties Under the PAGA
27     Inter-Con argues Plaintiff lacks standing to bring her sixth
28 cause of action in which she seeks to recover civil penalties under

7

1 the California Labor Code Private Attorneys General Act of 2004
2 ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.*, on behalf of Khanna and the
3 California Class Members. (Compl. ¶¶ 155-161.)  Inter-Con contends
4 Plaintiff lacks standing to bring this claim because Khanna's claim
5 expired upon his death, and Plaintiff herself is not an "aggrieved
6 employee."  (Mot. to Strike 14-16; Reply 11-13.)  Plaintiff counters
7 as Khanna's "successor in interest, Plaintiff inherited Khanna's right
8 to bring a PAGA claim, to the same extent that Khanna could have if
9 alive." (Opp'n. 16:12-13.)

California's PAGA permits a "civil action by an aggrieved employee on behalf of himself or herself and other current and former employees to recover civil penalties for violations of other provisions of the Labor Code." <u>Amalgamated Transit Union v. Superior Court</u>, 46 Cal.4th 993, 1001 (2009).  Section 2699(a) of the PAGA provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . . .

Cal. Lab. Code § 2699(a).  California Labor Code § 2699(c) prescribes "[f]or purposes of this part, aggrieved employee means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."

However, "[t]he [PAGA] does not create property rights or any other substantive rights.  Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties - for Labor Code violations - that would otherwise be sought by state labor law enforcement agencies . . . .

*[T]he right to recover a statutory penalty may not be assigned.* Therefore, under the Labor Code Private Attorneys General Act of 2004, *an aggrieved employee cannot assign a claim for statutory penalties because the employee does not own an assignable interest.*" Id. at 1003 (citations omitted)(emphasis added).

Plaintiff argues her standing to bring Khanna's claims on his behalf as his successor in interest is based, in part, upon Cal. Code. Civ. Pro. Sections 377.20 and 377.30. Section 377.20(a) provides that "*[e]xcept as otherwise provided by statute*, a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code. Civ. Pro. § 377.20(a)(emphasis added). Section 377.30 further provides, "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the . . . decedent's successor in interest." Cal. Code Civ. Pro. § 377.30. Therefore, Plaintiff, as Khanna's successor in interest, may maintain her PAGA claim if Khanna's PAGA claim survives his death.

However, "a right that cannot be assigned does not survive the death of the person entitled to it." In re Blair's Estate, 42 Cal.2d 728, 731 (1954). See also California Packing Corp. v. Lopez, 207 Cal. 600, 603 (1929)(stating that the terms "assignability" and "survivability" are "practically interchangeable"). Since Khanna's PAGA cause of action is not assignable, any PAGA claim Khanna had, expired upon his death and Plaintiff, as Khanna's successor in interest, cannot bring a PAGA claim on his behalf. See Cal. Code Civ. Pro. § 377.22 (providing that California's survival provisions are not to be "construed as affecting the assignability of causes of action").

1  Since Plaintiff may not maintain a PAGA claim on Khanna's behalf and
2  she is not an "aggrieved employee" herself, Plaintiff lacks standing
3  to assert her PAGA claim for civil penalties.  Accordingly, Inter-
4  Con's motion to dismiss Plaintiff's sixth cause of action brought
5  under the PAGA is granted.

      D.    <u>Plaintiff's Request for Injunctive Relief</u>

7  Inter-Con argues Plaintiff does not have standing to seek
8  injunctive relief, and therefore, her requests for injunctive relief
9  must be stricken from her complaint.  (Mot. to Strike 16-17.)
10 Plaintiff rejoins she has standing to seek injunctive relief on behalf
11 of Khanna, "who was entitled to request injunctive relief himself" and
12 "on behalf of class and collective action class members currently
13 subject to the Defendants' unlawful practices." (Opp'n. 17:10-11, 28.)
14 Plaintiff seeks in her complaint "[a]ppropriate equitable and
15 injunctive relief to remedy [Defendants'] violations of the laws of
16 California, including but not necessarily limited to an order
17 enjoining [Defendants] from continuing [their] unlawful policies and
18 practices. . . ."  (Prayer for Relief ¶ 13.)  Plaintiff also seeks
19 injunctive relief under her fifth cause of action which is brought
20 under the California Business and Professions Code § 17200, *et seq*. to
21 "prevent [Defendants] from continuing to engage in the unfair business
22 practices alleged . . . ."  (Compl. ¶ 151.)
23 "To have standing to bring a claim for injunctive relief, a
24 plaintiff must show that she has (1) suffered an injury that (2) was
25 caused by the defendant and (3) is likely to be redressed by the
26 [injunctive] relief she seeks."  <u>Walsh v. Nevada Dept. of Human</u>
27 <u>Resources</u>, 471 F.3d 1033, 1036-37 (9th Cir. 2006).  The third prong
28 requires that the plaintiff "stand to benefit from [the] injunction"

sought.  Id. at 1037 (holding that a former employee who is not seeking reinstatement nor future work from defendant employer does not have standing to sue for injunctive relief because the former employee could not benefit from the relief requested).

Since Khanna is deceased, he can no longer benefit from the injunctive relief requested, and therefore, Plaintiff lacks standing to seek injunctive relief on his behalf.  Moreover, Plaintiff's class and collective action allegations do not cure her standing infirmity. "[S]ystem-wide injunctive relief is not available based on alleged injuries to unnamed members of a proposed class . . . . Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.  Any injury unnamed members of [the] proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek." Hodgers-Durgin v. de la Vina, 199 F.3d, 1037, 1045 (9th Cir. 1999)(en banc); see also Napoto v. DHL Exp. (USA), Inc., 2009 WL 1974412, at *4 (N.D. Cal. Jul. 2, 2009)(granting defendant's motion to strike former employee's claims for injunctive relief); Taylor v. Westly, 2005 WL 5480286, at *8 n.9 (E.D. Cal. Aug. 16, 2005)(stating that "[w]hen no class has been certified, plaintiffs must rely on their personal allegations alone"). Accordingly, Inter-Con's motion to strike Plaintiff's requests for injunctive relief stated in Paragraphs 140 and 151 of the Complaint and Paragraph 13 of the Prayer for Relief is granted.

   E. Relief Requested Under California Business & Professions Code Section 17200 *et seq.*

Inter-Con moves to strike or dismiss Plaintiff's claim under California Business and Professional Code § 17200 *et seq.* ("Section

17200"), arguing this claim is barred because damages and penalties cannot be awarded under Section 17200. (Mot. to Strike 11.) Inter-Con also argues Plaintiff's "Section 17200 claim fails as a matter of law . . . because it does not quantify the alleged unpaid wages Plaintiff seeks . . . " to recover. (Reply 14:17-18.) Plaintiff responds: "wages are indisputably recoverable" under Section 17200, the unpaid wages she seeks to recover are "clearly quantifiable," and "Plaintiff has no obligation to reduce [her] claim for unpaid wages to an actual dollar amount in her Complaint." (Opp'n. 18:5-6, 19:10, 16-17.)

Plaintiff's fifth cause of action alleges Defendants' "failure to pay [Khanna] and California Class Members overtime compensation, constitute[s] unfair business practices in violation of . . . California Business and Professional Code § 17200, *et seq*." (Compl. ¶ 143.) Under this claim, Plaintiff seeks to recover "restitution of all unpaid wages owing to [Khanna and the California Class Members]."[1] (Compl. ¶ 150.)

Inter-Con's arguments to strike or dismiss this portion of Plaintiff's Section 17200 claim are unpersuasive and denied, since the California Supreme Court has held that "orders for payment of wages unlawfully withheld from an employee are . . . a *restitutionary remedy* authorized by [Section 17200]. . . . [Such an] order is not one for payment of damages." Cortez v. Purcolator Air Filtration Prods. Co., 23 Cal.4th 163, 177-78 (2000)(emphasis added).

---

[1] Plaintiff also seeks "[i]njunctive relief . . . to prevent [Defendants] from continuing to engage in the unfair business practices alleged . . . ." (Compl. ¶ 151.) However, as discussed above, Plaintiff does not have standing to seek injunctive relief, and this paragraph is stricken from the complaint.

Inter-Con also argues Plaintiff's request for penalties for Labor Code violations incorporated in Paragraphs 141 through 154 of her complaint are not recoverable under Section 17200. Plaintiff "readily concedes that penalties for the Labor Code violations alleged in her Complaint are not recoverable as restitution under [Section 17200]" but argues "the Complaint does not seek restitution of penalties in its cause of action under [Section 17200]" and therefore there is "nothing to strike from the Complaint." (O'ppn. 19:26-28, 20:1-2.) Since Inter-Con has not demonstrated that Plaintiff's allegations and requests for relief in Paragraphs 141 through 154 of her complaint seek to impermissibly recover penalties, Inter-Con's motion to strike these paragraphs is denied.

F.   Allegations Against the Individual Defendants

Inter-Con also seeks to strike or dismiss Plaintiff's allegations against the individual defendants. Inter-Con, however, has not shown that it has standing to move on behalf of the individual defendants who are not a party to Inter-Con's motion. Several individual defendants filed an untimely joinder in Inter-Con's motion on October 22, 2009, which is denied because it was not timely noticed for hearing. Therefore, this portion of the motion is denied.

IV.   Conclusion

For the reasons stated above, Inter-Con's motion to strike, or alternatively dismiss, is GRANTED in part and DENIED in part.

Dated:   November 10, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge

13