UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIYANKA KHANNA, et al., | No. 2:09-CV-2214 KJM EFB |
| Plaintiffs, | |
| v. | ORDER |
| INTERCON SECURITY SYSTEMS, INC., et al., | |
| Defendants. | |

On April 8, 2014, the court issued an order granting the plaintiff's motion for final approval of the class and collective action settlement and awarding attorneys' fees and costs. ECF No. 75.  In brief summary, the court cited the parties' agreement that Inter-Con Security Systems would not oppose an award of $130,000, one third of the total settlement fund of $390,000, to cover attorneys' fees and costs. *Id.* at 16:19–21.  The court noted its duty to "award only reasonable attorneys' fees," *id.* at 16:22–23, and held, "[i]n the Ninth Circuit, the benchmark for percentage of recovery awards is 25 percent of the total settlement award, which may be adjusted up or down," *id.* at 17:22–23 (citing, inter alia, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).  The court applied several factors to determine whether departure from the benchmark was justified and held "counsel is entitled to a total of $97,500 or 25 percent of the total settlement fund, to satisfy fees and costs.  The remaining $32,500 is to be distributed

1

1  to the class." *Id.* at 22:15–17.  The order therefore limited the total award of all fees and costs to
2  25 percent of the total settlement fund.
3          On April 22, 2014, plaintiffs Priyanka Khanna and Shashi Khanna requested
4  clarification of the court's April 8 order.  ECF No. 77.  The Khannas' request cited Ninth Circuit
5  district court orders applying the 25 percent benchmark to fees only, not costs.  *See id.* at 1:28–
6  2:6 (citing *Ross v. U.S. Bank Nat. Ass'n*, No. 07-02951, 2010 WL 3833922, at *2, 4 (N.D. Cal.,
7  Sept. 29, 2010) and *Vasquez v. Coast Valley Roofing, Inc.* 266 F.R.D. 482, 491 (E.D. Cal. 2010)).
8  The request also noted an arithmetic error in the court's calculation of costs.[1]
9          On May 6, 2014, Priyanka Khanna filed a similar ex parte request for clarification.
10 ECF No. 78.  To her request was attached the declaration of Jeffrey Edwards, the Khannas'
11 attorney, who noted the request was unopposed.  Edwards Decl. ¶ 5, ECF No. 78-1.  On May 6,
12 2014, the court issued a minute order notifying the parties of the court's intent to reset the
13 deadline for Inter-Con and the Claims Administrator to execute the April 8, 2014 order in its
14 order addressing the plaintiffs' ex parte application.  Minute Order May 6, 2014.  Thereafter,
15 despite the court's best efforts to stay on top of all aspects of its significant caseload, the matter
16 fell through the proverbial cracks; the court regrets this turn of events.  On February 13, 2015,
17 Priyanka Khanna requested a case management conference, ECF No. 80, and a conference was
18 scheduled for March 5, 2015, Minute Order, ECF No. 81.  Upon review of the record and the
19 docket in this case, the court vacates the case management conference and resolves the
20 outstanding issues raised by the parties' filings.
21         The parties correctly point out the court's inadvertent inclusion of costs in the
22 calculation of the 25 percent benchmark for fee awards.  *See In re Bluetooth Headset Products*
23 *Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011) (calculating hypothetical 25 percent benchmarks
24 /////
25

---

[1] The court found the following costs reasonable: $32,347.02 in attorneys' costs, Order Apr. 8, 2014, at 23:9, $7,000 in fees to the Class Administrator, *id.* at 23:11, and an incentive payment of $2,500, *id.* at 16:16–17.  These three amounts add up to $41,847.02, but the court's order computed the sum as $43,847.02.

using only attorneys' fees).  The error is corrected as follows:

       (1) The plaintiffs are awarded reasonable costs of $32,347.02.

       (2) The plaintiffs are awarded an administration fee of $7,000.

       (3) Khanna is awarded an incentive fee of $2,500.

       (4) The benchmark value for attorneys' fees, $97,500, is reduced by $9,347.02, the excess of the sum of costs, administration fee, incentive fee, and the 25 percent benchmark over $130,000, leaving a fee award of $88,152.98.

       As promptly as possible, and no later than sixty days from the date of this order, the Claims Administrator shall disburse the settlement amount due to each class member, the incentive payment to the named plaintiff, and attorneys' fees and costs.

       IT IS SO ORDERED.

DATED: March 3, 2015.

_____
UNITED STATES DISTRICT JUDGE